SEXTON, ADMX., APPELLANT, *v.* SUGAR CREEK PACKING CO. ET. AL., APPELLEES.

(No. 73AP-279—Decided December 11, 1973.)

*Mr. Charles E. Cline* and *Mr. Daniel J. Igoe* for appellant.

*Messrs. Knepper, White, Richards & Miller,* and *Mr. Donald G. Paynter,* for appellees.

TROOP, P. J. This appeal is from the final order of the Court of Common Pleas of Franklin County, overruling plaintiff's motion for a new trial, entered July 2, 1973. A judgment favorable to the defendants was entered on March 1, 1973, and the entry reflected a directed verdict favorable to the defendants which was made at the close of the plaintiff's case.

Two assignments of error are offered by the plaintiff, the appellant herein, both of which are directed to a ruling of the trial court, as follows:

"Therefore, at this time the objection will be sustained and both witnesses in question at this point will not be permitted to testify."

The objection, made by counsel for the defendants, to which the trial court referred, was directed to the use of five witnesses, the names of whom were given to defense counsel on the Friday before the date of trial, which began on Wednesday, November 8. Included in the list of witnesses which plaintiff sought to use was the name of Gordon Dick, to be called to the stand as an expert witness. The comments of defense counsel indicate that the primary concern of the defense was as to Mr. Dick, an expert, and "the threatened presence of a reconstruction expert." The complaint expressed was especially to the limitation on the ability of defense counsel as follows: "to discover as much as I can about the other side's case before trial." It was made because of the shortness of time between Friday, November 3, and Wednesday, November 8, which was shortened by the interruption of two nonbusiness days, Saturday and Sunday.

While the order of the trial court was applicable to "both" witnesses, the primary complaint of counsel for the plaintiff is that they were deprived of the testimony of the expert witness. That emphasis, provided by plaintiff, causes this discussion to be directed primarily to that particular witness as our point of concern. The significance of the testimony of this witness becomes apparent when the statement of facts recalls that the driver of defendants' truck and the driver and rider in the Sexton pickup all died in, or as a result of, the accident. Further comment on the facts will be surplusage since the question raised by appellant's assignments of error is strictly legal.

A pretrial conference was held in the instant case pursuant to the rules adopted by the common pleas court of this county—"Rule 31-Pre-Trial Procedure." Subsection 31.03 of the rule prescribes the duties of counsel at such a hearing. Of immediate concern is a portion of paragraph six of the subsection, which reads, in pertinent part, as follows:

"Each counsel shall present to the court in writing a statement indicating the names of all witnesses, both expert and nonexpert, expected to be called at the trial * * *."

34

It must be noted that Rule 31 does not contain any reference to, or provision for, automatic sanctions as may be applicable in case counsel fails to perform a duty assigned by the rule.

A document titled a "Pre-Trial Summary and Order" appears in the file of the case transmitted to this court as a part of the record. It indicates "Pre-Trial held, per Rule 31 * * * on 7/10/72 at 1:30 p. m." For some reason which is unexplained, the document was not filed with the clerk of courts until September 12, 1973, approximately one year and two months after the pretrial and even more than six months after the filing of the judgment on directed verdict and two months after the filing of the court's final order, filed July 2, 1973. The pretrial statements of plaintiff and defendants were likewise filed on September 12, 1973.

The center of interest in this discussion is the pretrial memorandum of the plaintiff. Typed as part of the memo is:

"4. Witnesses:

"a. Non-Expert—Decedents' parents and six others.

"b. Expert—one"

To the right of this typed portion, the names of six persons are written in by hand, presumably the "six others," in addition to the parents. This memorandum clearly indicates the anticipated use of one expert witness who is not named, as is directed by Rule 31.03(6).

At this point, it is noted that the "summary and order" of the court indicates as to the plaintiff: "*No* Expert Witnesses, List Attached." Also, "No Non-Expert Witnesses, List Att." There is in fact a "list" of six named witnesses indicated on the plaintiff's memo, as noted. When and how the list was attached is not explained, and of course it could, and may, have been supplied any time between July 10, 1972, the day of the conference, and September 12, 1973, the day on which the summary and order was filed. As far as this court is concerned, the record shows a "list" of nonexpert witnesses.

At this point, also, it is noted that the court's summary and order shows a brief entry in that portion titled "Remarks and/or Order," to wit: "Demand $15,000.00."

The rules of the common pleas court, as adopted and applied, are authorized by Civ. R. 83, and are proper so long as they are not inconsistent with the rules promulgated by the Supreme Court. There is a relationship, therefore, between the local rules of a court and the Rules of Civil Procedure adopted by the Supreme Court. Civ. R. 16, as adopted by the Supreme Court, covers "pretrial procedure," and provides that a court may adopt rules so as to accomplish certain objectives.

One of these objectives is:

"The exchange of reports of expert witnesses expected to be called by each party * * *."

Another objective to be accomplished is:

"The limitation of the number of expert witnesses * * *."

Particularly significant to this decision is the last paragraph of the rule, which reads as follows:

"The court may, and on the request of either party shall, make a written order which recites the action taken at the conference. The court shall enter the order and submit copies to the parties. The order, subject to Rule 60(A), shall control the subsequent course of the action, unless modified at the trial to prevent manifest injustice."

As was indicated by counsel for the defendants, in his remarks to the trial court noted *ante*, pretrial procedures are practically a part of discovery procedures. Civ. R. 37 provides sanctions in cases in which there is a failure to comply with an order.

Paragraph (B)(2) suggests that if a party, *et al.*, fails to obey a discovery order "the court in which the action is pending may make such orders in regard to the failure as are just * * *." There then follows a series of suggested punitive orders, or sanctions, which may be employed.

The nub of all of this is that for a party, or counsel therefor, to be subject to a sanction imposed by a court such party or counsel must be in default of an "order" properly announced and formally entered.

In the instant case, the trial court conducted a pretrial conference in which a "list" of expert witnesses was

not attached to the memorandum furnished by plaintiff's counsel, although the memo clearly indicates an intention to use "one" expert. An examination of the court's summary does not show any order of the court directing plaintiff's counsel to furnish the name of the "one" expert.

It is suggested that the necessary prerequisite to the imposition of a sanction is an order—specific and direct—the violation of which brings the offender squarely within possible contempt of court. Here there was no order made at pretrial, at which time the trial court could properly have made an order, such as requiring the furnishing of the name of the "one" expert within a specified time. Not to have ordered specifically, the appropriate time being at the pretrial conference, leads counsel, the object of a later sanction, to believe that the court had no objection to the information as supplied in his memorandum.

To impose a sanction is appropriate only when an order is violated. The trial court did not render an "order" in the instant case, which should have been done at the time of the pretrial hearing. There having been no order entered by the trial court, the sanction imposed at the time of trial was inappropriate.

Appellant's assignments of error are well taken.

The judgment of the trial court is reversed and the cause remanded for further proceedings according to law and in conformity with this decision.

*Judgment reversed and cause remanded.*

STRAUSBAUGH and REILLY, JJ., concur.