DAFCO, INC. ET AL., APPELLANTS, *v.*
REYNOLDS, APPELLEE.

(No. 82AP-878—Decided February
15, 1983.)

*Mr. John E. Palcich,* for appellants.
*Messrs. Porter, Wright, Morris &
Arthur* and *Mr. Michael J. Rourke,* for
appellee.

McCORMAC, J. Dafco, Inc., and David
C. Rich, plaintiffs-appellants, commenced
an action against Beatrice Reynolds,
defendant-appellee, in Franklin County
Municipal Court alleging that defendant
caused $7,500 in damages to premises
leased to her by plaintiffs, the owners of
the property. After other procedure not
pertinent to this appeal, on August 19,
1982, defendant served upon plaintiffs'
counsel, pursuant to Civ. R. 30(A) and (B),
a notice to take the deposition of plaintiff,
David Rich, at the offices of defendant's
counsel on August 26, 1982. Rich failed to
appear at the scheduled deposition and
did not seek a protective order.

On September 8, 1982, defendant's
motion for sanctions for Rich's refusal to
appear at his deposition was sustained,
and the trial court entered judgment
dismissing the complaint with costs to
plaintiffs and ordered plaintiffs to pay to
defendant her costs, as a result of Rich's
failure to appear at his deposition, in the
amount of $142.50.

Plaintiffs have appealed, asserting
that the trial court committed prejudicial
error in dismissing the complaint. Plain-
tiffs have stated that they wished the case
decided solely on the issue of whether im-
mediate sanctions can be obtained as a
result of the failure of a party to appear
for a deposition rather than first requir-
ing an order of court compelling discovery
before sanctions can be enforced. The
case will be decided on that basis only.

Civ. R. 37 provides, as pertinent, as
follows:

"(D) Failure of party to attend at
own deposition * * *. If a party * * * fails
(1) to appear before the officer who is to
take his deposition, after being served
with a proper notice, * * * the court in
which the action is pending on motion and
notice may make such orders in regard to
the failure as are just, and among others
it may take any action authorized under
subsections (a), (b), and (c) of subdivision
(B)(2) of this rule. In lieu of any order or in
addition thereto, the court shall require
the party failing to act or the attorney ad-
vising him or both to pay the reasonable
expenses, including attorney's fees,
caused by the failure, unless the court ex-
pressly finds that the failure was substan-

tially justified or that other circumstances make an award of expenses unjust.

"The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(C)."

Civ. R. 37(B)(2)(a), (b) and (c) provide various sanctions for failing to comply with discovery, including the dismissal of an action.

The Staff Note to Civ. R. 37(D) states as follows:

"Rule 37(D) complements Rule 37(A). While Rule 37(A) is concerned with *compelling* discovery, Rule 37(D) is concerned with the immediate application of sanctions against non-complying parties or persons. Wright, Federal Courts, 394 (2d ed. 1970). Under Rule 37(D) the court upon motion and notice may make such orders as 'are just' including orders authorized by Rule 37(B)(2)(a) through (B)(2)(c). * * *"

The Staff Note continues by stating:

"Rule 37(D) concludes by making it clear that a party may not remain completely silent even when he regards as improper and objectionable a notice to take his deposition * * *. If he desires not to appear * * * he must apply for a protective order from the court under Rule 26(C). * * *

"The provisions of Rule 37 are taken directly from proposed Federal Rule 37. * * *"

A leading treatise on Ohio civil practice describes the procedure used for sanctions for failure to attend a deposition as a one-step procedure by which a motion for immediate sanctions may be made. 5 Anderson's Ohio Civil Practice (1981) 94, Section 166.07.

The leading federal treatise describes the application of Fed. R. Civ. P. 37(d), which is worded identically to Civ. R. 37(D), and upon which Civ. R. 37 was based, as follows:

"Rule 37(d) makes it explicit that a party properly served has an absolute duty to respond, that is, to present himself for the taking of his deposition, * * * and that the court in which the action is pending may enforce this duty by imposing sanctions for its violation. Rule 37(d) deals, then, with failure to make the initial response required by the Rules, while subdivisions (a) and (b) provide a method of resolving differences between the parties and enforcing the court's determinations. Thus there must be an order under subdivision (a) before sanctions are imposed under (b), while under (d) the party aggrieved moves directly for the imposition of sanctions." 4A Moore's Federal Practice (1983) 37-100, Section 37.05. See, also, *Penthouse Internatl. Ltd.* v. *Playboy Enterprises* (C.A. 2, 1981), 663 F.2d 371.

In *Al Barnett & Son, Inc.* v. *Outboard Marine Corp.* (C.A. 3, 1979), 611 F.2d 32, the court, pursuant to Fed. R. Civ. P. 37(d), dismissed the claims of the plaintiffs when they failed to appear at their deposition, and, instead of filing for a protective order, simply notified defendant's counsel, through their counsel by letter, that none of them would appear.

In summary, Civ. R. 37(D) provides a one-step method for immediate imposition of sanctions by motion when a party fails to appear at a properly noticed deposition. The method for obtaining an advance court determination to avoid the imposition of immediate sanctions is to move for a protective order, pursuant to Civ. R. 26(C), before the time for compliance occurs. In contrast thereto, in the instance of all failures to make discovery other than those specified by Civ. R. 37(D), it is necessary, as pointed out by Moore's Federal Practice, to apply to the court for an order to compel discovery pursuant to Civ. R. 37(A) and to obtain an order of the court which must then be violated before a second motion is used to obtain sanctions for failure to comply with the order.

Plaintiffs' reliance upon the case of

*Sexton* v. *Sugar Creek Packing Co.* (1973), 38 Ohio App. 2d 32 [67 O.O.2d 187], is not well-founded. In *Sexton,* it was held that before sanctions can be enforced pursuant to Civ. R. 37 for violation of a pretrial order, an order must be properly announced and formally entered in the case. That holding is correct, but it has no application to sanctions for failure to attend a properly noticed deposition without obtaining a protective order, as contemplated by Civ. R. 37(D). *Sexton* makes no reference to Civ. R. 37(D), did not involve a Civ. R. 37(D) default, and is not applicable.

Plaintiffs' assignment of error is not well-taken and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and STRAUSBAUGH, J., concur.