### Davis v. Byers Circle Investments
*[Cite as 2 AOA 564]*

*Case No. 89AP-878*
*Franklin County, (10th)*
*Decided March 29, 1990*

*Civ. R. 37(D)*

*Mr. Charles E. Taylor, for appellant.*

*Shuler & Plank and Mr. Gordon P. Shuler, for appellee.*

STRAUSBAUGH, J.

Plaintiff, Diane M. Davis d.b.a. Hogan's Alley, appeals an order of the Franklin County Court Pleas dismissing her complaint with prejudice for failing to comply with discovery orders.

Plaintiff filed her original complaint on August 29, 1988, alleging willful breach of a lease by defendant, Byers Circle Investments, Inc. Plaintiff filed an amended complaint on January 30, 1989.

On February 9, 1989, defendant served plaintiff with a set of interrogatories and a request for production of documents. A date of March 24, 1989 was requested for production of the documents. By notice sent to the parties on March 9, 1989, the case was scheduled for trial on May 23, 1989.

On the date established for production of the documents, March 24, 1989, defendant received no answers or objections to the interrogatories from plaintiff. On March 27, 1989, counsel for defendant sent a letter to counsel for plaintiff, informing plaintiff's counsel that because the case had been set for trial on May 23, 1989, defendant would proceed with a motion to compel and a motion for

sanctions if the answers to interrogatories and the requested documents were not received by April 3, 1989.

When no response from plaintiff's counsel was forthcoming, counsel for defendant, on April 26, 1989, filed a motion for sanctions and dismissal pursuant to Civ. R. 37(D)(2) and (3) and Civ. R. 37(B)(2)(c). Defendant's motion sought dismissal of plaintiff's complaint as a sanction for plaintiff's failure to respond to the interrogatories and request for production of documents.

On May 10, 1989, the trial court held an office conference with counsel for both plaintiff and defendant. At that conference, counsel for plaintiff assured the court that the interrogatories would be answered within seven days.

The record indicates that on June 16, 1989 the court was advised that the interrogatories had not been answered. Furthermore, as of that date, plaintiff had not responded to defendant's motion.

On June 26, 1989, the court entered its decision and order, sustaining defendant's motion for sanctions. The order further notified plaintiff that if the interrogatories were not answered by June 29, 1989 the case would be dismissed with prejudice. The order also required plaintiff to pay defendant's attorney the sum of $350 as legal fees for pursuing this motion.

When no response from plaintiff was received by defendant by June 29, 1989, counsel for defendant, pursuant to Loc. R. 39.01 of the Franklin County Court of Common Pleas, prepared a judgment entry providing for dismissal of plaintiff's complaint and an award of attorney fees as sanctions. The trial court signed the judgment entry and the entry was filed on July 11, 1989.

Plaintiff now appeals the judgment of the trial court and sets forth the following two assignments of error for review by this court:

"1. The Court of Common Pleas erred in granting sanctions under Rule 37 of the civil rules where no order compelling discovery had been requested and issued.

"2. The Court of Common Pleas erred in granting sanctions without notice and hearing as required by Rule 37."

Plaintiff's assignments of error are interrelated and will be considered together. The thrust of plaintiff's argument is that the imposition of sanctions by the trial court, absent a discovery order by the court, was improper.

For the reasons which follow, we find plaintiff's contention to be without merit.

Civ. R. 37 provides for sanctions against parties or persons unjustifiably resisting discovery. Civ. R. 37(A) provides in relevant part:

"(A) Motion for Order Compelling Discovery. Upon reasonable notice to other parties and all persons affected thereby, a party may move for an order compelling discovery as follows:

"(1) *Appropriate Court.* A motion for an order to a party or a deponent shall be made to the court in which the action is pending.

"(2) *Motion.* If a deponent fails to answer a question propounded or submitted under Rule 30 or Rule 31, or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an *order* compelling an answer or an order compelling inspection in accordance with the request. On matters relating to a deposition or oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order." (Emphasis added.)

Civ. R. 37(B)(2) provides in pertinent part:

"If any party *** fails to obey an *order* to provide or permit discovery, including an order made under subdivision (A) of this rule *** the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

"(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *dismissing the action or proceeding* or any part thereof, or rendering a judgment by default against the disobedient party[.]" (Emphasis added.)"

Under Civ. R. 37(B), sanctions are provided for in the instance where a party fails to adhere to a court order. In such a situation, a court order is a prerequisite to the imposition of sanctions.

Civ. R. 37(D) provides in relevant part:

"(D) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party *** fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, and among others it may take any action authorized under subsections (a), (b), and (c) of subdivision (B)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

"The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(C)."

Under Civ. R. 37(D), no court order is required for a court to impose sanctions upon an offending party. In *Dafco, Inc.* v. *Reynolds* (1983), 9 Ohio App. 3d 4, 5, an action in which a party failed to appear at a properly noticed deposition, this court stated that "Civ. R. 37(D) provides a one-step method for immediate imposition of sanctions by motion ***."

In *Dafco, supra,* the court noted that Civ. R. 37(D) is worded identically to Fed. R. Civ. P. 37(d). The court then quoted from the leading federal treatise which, construing the application of Fed. R. Civ. P. 37(d), states in part:

"*** Rule 37(d) deals *** with failure to make the initial response required by the Rules, while subdivisions (a) and (b) provide a method of resolving differences between the parties and enforcing the court's determinations. Thus there must be an order under subdivision (a) before sanctions are imposed under (b), while under (d) the party aggrieved moves directly for the imposition of sanctions. ***" *Dafco, supra,* at 5, quoting 4A Moore's, Federal Practice (1983), Paragraph 37.05, at 37-100. See, also, 8 Wright & Miller, Federal Practice and Procedure: Civil (1970) 807, Section 2291. ("No court order is required to bring Rule 37(d) into play. It is enough that a notice of the taking of a deposition or a set of interrogatories or a request for inspection has been properly served on the party. ***.")

Federal courts, in dealing with Fed. R. Civ. P. 37(d) motions, have imposed immediate "one-

step" sanctions upon parties without the issuance of a prior discovery order. See *Minnesota Min. & Mfg. Co.* v. *Eco Chem, Inc.* (1985), 757 F. 2d 1256 (statement by party "unable to respond," filed in response to interrogatories, constituted a complete failure to serve answers to interrogatories, warranting entry of default judgment without first issuing an order compelling answer to interrogatories); *Bomar Instrument Corp.* v. *Continental Micro* (1980), 497 F. Supp. 947, 959 ("Noncompliance with a court order is not a prerequisite to imposing sanctions under Rule 37"); *Al Barnett & Son, Inc.* v. *Outboard Marine Corp.* (1979), 611 F. 2d 32, 35 ("*** a direct order by the Court, as Rule 37(a) and (b) requires, is not a necessary predicate to imposing penalties under Rule 37(d).").

This court recognizes that dismissal of a complaint with prejudice is a harsh sanction and should be imposed with discretion. In *Fox* v. *Studebaker-Worthington, Inc.* (C.A. 8, 1975), 516 F. 2d 989, 995, the court, in construing Fed. R. Civ. P. 37(d), stated:

"*** The provisions of Rule 37(d) with regard to interrogatories do not apply when the failure to comply is anything less than a total failure to respond. [Citations omitted.] If a response is made, but some questions not answered or are evasive or incomplete, a motion under Rule 37(a) to compel answers is the proper remedy. [Citations omitted.] *** In other words, Rule 37(d) sanctions are proper only where there has been a complete or nearly total failure of discovery. [Citation omitted.] ***." *Id.* at 995.

The 1970 amendments to Fed. R. Civ. P. 37 provided for two related changes to Rule 37(d). The Advisory Committee Note to the 1970 amendments of Rule 37(d) states in part: "***[T]he permissible sanctions are broadened to include such orders 'as are just'; and the requirement that the failure to appear or respond be 'wilful' is eliminated. ***"

"*** Taken together these two changes mean that any failure of the sort described in Rule 37(d) permits invocation of the rule, regardless of the reason for the failure, but that the court has discretion about the sanction to be imposed. *** The presence or absence of willfulness remains relevant in the choice of sanction. ***" Wright & Miller, *supra,* at 812.

Concerning the situation in which a party fails to answer interrogatories, "*** the question as to whether there has been a failure to answer is not always so easily decided. When no answers at all are forthcoming, the party served with the interrogatories or request is obviously derelict and within the coverage of Rule 37(d). ***" 4A Moore's, Federal Practice (1989), Paragraph 37.05, at 37-129.

In the present case, our review of the record indicates a total lack of response on the part of plaintiff throughout the history of this proceeding. As noted in the previous recitation of the facts, plaintiff provided no answers or objections to the interrogatories originally due March 24, 1989. Defense counsel then sent a letter to plaintiff's counsel expressing concern about preparing about for the approaching trial date. Plaintiff's counsel again failed to respond.

At the May 10, 1989 conference involving the court and counsel for both plaintiff and defendant, counsel for plaintiff assured the court that the answers to the interrogatories would be answered within seven days. Plaintiff provided no response within that time nor did plaintiff respond to defendant's motion.

In the trial court's decision and order rendered on June 26, 1989, the court notified plaintiff that if the interrogatories were not answered by June 29, 1989 the case would be dismissed with prejudice. Again, no response was forthcoming from plaintiff.

The record before this court fails to indicate a reasonable justification for plaintiff's conduct during the discovery process. Based upon plaintiff's conscious disregard for the discovery rules, we find no abuse of discretion on the part of the trial court in dismissing the case.

Plaintiff's contention that the sanctions by the trial court were imposed without notice and hearing and thus deprived plaintiff of the right to procedural due process is without merit. As previously discussed, Civ. R. 37(D) allows for sanctions imposed by the trial court in this action without the necessity of a prior order.

Moreover, under the circumstances of this case, created by plaintiff's own disregard for the discovery rules, the record indicates that the trial court treated plaintiff in an equitable manner. At the conference of May 10, 1989, held apparently for the sole benefit of plaintiff, the trial court accepted plaintiff's assurances that answers to the interrogatories would be provided within seven days. Further, the court's order of June 26, 1989 granted plaintiff an additional three days to respond prior to dismissal.

In the event that plaintiff had a valid reason for failing to respond to the interrogatories, plaintiff could have sought certain procedural safeguards available in such a situation. "*** The method for obtaining an

advance court determination to avoid the imposition of immediate sanctions is to move for a protective order, pursuant to Civ. R. 26(C), before the time for compliance occurs. ***" *Dafco, supra,* at 5. The record indicates that plaintiff neither sought a protective order nor attempted to employ any other procedural devices available under the civil rules.

Accordingly, plaintiff's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY, P.J., and WINKLER, J., concur.
WINKLER, J., of the Hamilton County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.