Plaintiff-appellants, Leonard C. Settle, II, and other members of the Settle family, appeal the February 17, 1998 decision and entry of the Franklin County Court of Common Pleas granting defendants-appellees Thurber Manor Apartments et al.'s motion to dismiss and denying appellants' motions for default judgment. The trial court dismissed the appellants' action without prejudice under Civ.R. 37 and Loc.R. 39.05 of the Court of Common Pleas of Franklin County, General Division, on the basis that appellants failed to provide and cooperate in discovery. Because we find that the trial court abused its discretion in dismissing the action, we reverse.
On January 24, 1997, appellants filed suit against appellees alleging numerous claims arising out of an August 19, 1995 incident in which a member of the Settle family, Leonard Leon Settle ("Leon Settle"), almost drowned in a swimming pool at the Thurber Manor Apartments, owned and/or operated by the appellees. As a result of the incident, Leon Settle is currently in a coma with little brain activity. The complaint alleged claims for negligence, breach of contract, violations of Ohio administrative and statutory provisions, and negligent and intentional infliction of emotional distress. The appellees answered denying all material allegations of the complaint. Pursuant to Loc.R. 37 and 39 of the Court of Common Pleas of Franklin County, General Division, the clerk of court issued a case schedule assigning a discovery cut-off date of November 14, 1997. Neither party initiated discovery until late April 1997, when appellants sought to have the pool inspected by one of their experts, a structural engineer.
Thereafter and continuing well past the discovery deadline, the parties engaged in numerous disputes as to their respective discovery obligations. Major areas of dispute included: (1) when the pool could be inspected and in what condition,i.e., full or empty; (2) whether the appellees had been forthcoming in disclosing information related to any structural or cosmetic changes made to the pool, including the identity and availability of the person who had such information; (3) whether the appellants had adequately disclosed the opinions held by their expert witnesses, produced reports and curriculum vitae related to such experts, and/or failed to cooperate in making the experts available for depositions; and (4) whether appellants obstructed appellees' efforts to obtain the medical records of Leon Settle.
Despite the disagreements between the parties, the trial court's involvement in the discovery phase of the case was minimal. On May 23, 1997, the trial court overruled appellants' motion to enlarge the number of interrogatories to be propounded and granted appellees' motion for a protective order preventing the appellants from conducting a deposition noticed by appellants for "any and all individuals" who could accurately and completely describe structural and cosmetic changes to the pool. On June 17, 1997, the trial court ordered that appellants and their designated expert "shall be given an opportunity to view the subject swimming pool after the close of the summer season, when the pool is traditionally empty and not before that date." At an October 21, 1997 status conference, the trial court ruled that appellants could have noex parte conversations with a former employee of the appellees. Finally, at the November 13, 1997 status conference, the trial court ruled that the November 14, 1997 discovery cut-off date would not be extended.
On November 26, 1997, appellees moved to dismiss the action or, in the alternative to exclude certain witnesses or evidence. First, appellees contended that appellants failed to provide discovery related to their expert witnesses. In particular, appellees argued: (1) that appellants never disclosed the subject matter of their expert witness testimony or opinions held by such experts as requested by way of appellees' interrogatories; (2) that appellants failed to produce any reports from such expert witness as requested in appellees' document requests; (3) that appellants produced curriculum vitae of only two of their experts and did so only days before the discovery cut-off date; and (4) that despite numerous requests from appellees to provide dates for expert depositions prior to the discovery cut-off date, appellants failed to do so. Second, appellees argued that appellants obstructed appellees' efforts to obtain Leon Settle's medical records by refusing to sign a medical authorization unless appellees provided the appellants with copies of the records at no cost. Finally, appellees argued that appellants failed to properly disclose three lay witnesses whose affidavits were attached to the appellants' October 30, 1997 motion for partial summary judgment, a motion that was ultimately denied by the trial court on December 11, 1997.
On December 12, 1997, appellants filed their own motion for default judgment or, in the alternative, for exclusion of some of appellees' witnesses. Appellants contended that appellees had failed to cooperate with discovery. On February 17, 1998, the trial court granted appellees' motion and dismissed appellants' action without prejudice. The trial court also denied appellants' motion for default judgment or, in the alternative, to exclude evidence. On February 25, 1998, appellants moved for findings of fact and conclusions of law, and pursuant to court order, the parties submitted proposed findings of fact and conclusions of law with the trial court.
On May 18, 1998, the trial court issued its decision and entry containing its findings of fact and conclusions of law. In so doing, the trial court included a litany of discovery violations committed by appellants. The trial court held that "[p]laintiffs' [appellants'] refusal to provide and cooperate in discovery, failure to provide names of expert witnesses' reports, failure to provide deposition dates within the dates set by this Court's Case Scheduling Order, and failure to identify three lay witnesses until months after the deadlines set by the Case Scheduling Order and just shortly before the discovery cut-off were willful and in bad faith." Finally, the trial court found that dismissal of the action without prejudice was warranted pursuant to Civ.R. 37 and Loc.R. 39 of the Court of Common Pleas of Franklin County, General Division.
Appellants timely appealed, raising the following three assignments of error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING THIS ACTION PURSUANT TO CIV. R. 37 AND LOC. R. 39.05.
 A. THE TRIAL COURT ERRED IN DISMISSING OF THIS ACTION PURSUANT TO CIV. R. 37.
 B. THE TRIAL COURT ERRED IN DISMISSING THIS ACTION PURSUANT TO LOCAL RULE 39.05 OF THE FRANKLIN COUNTY PLEAS COURT [sic].
 C. THE TRIAL COURT'S DISMISSAL OF THIS ACTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT ACTED UNREASONABLY, ARBITRARILY AND UNCONSCIONABLY IN DISMISSING THIS ACTION.
 A. THE TRIAL COURT ISSUED CONFLICTING AND CONTRADICTORY ORDERS REGARDING THE INSPECTION OF THE POOL.
 B. THE TRIAL COURT ACTED UNREASONABLY, ARBITRARILY AND UNCONSCIONABLY BY VIRTUALLY ADOPTING THE DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW.
 III. THE TRIAL COURT ERRED IN DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT.
In their first and second assignments of error, appellants contend that the trial court erred and abused its discretion in dismissing the action without prejudice under Civ.R. 37 and Loc.R. 39.05 of the Court of Common Pleas of Franklin County, General Division. We agree.
Civ.R. 37 provides a mechanism by which discovery rules can be enforced and specifically authorizes a trial court to make "just" orders in response to discovery violations. In particular, Civ.R. 37(A) authorizes and governs motions to compel discovery; Civ.R. 37(B) authorizes sanctions against a party who fails to obey an order to provide or permit discovery; Civ.R. 37(C) governs the imposition of fees against parties who fail to admit matters without good reason; Civ.R. 37(D) authorizes immediate sanctions against a party who fails to appear at a properly noticed deposition or fails to respond to other written discovery requests; and Civ.R. 37(E) mandates that parties make reasonable efforts to resolve discovery disputes before seeking judicial intervention.
Similarly, Loc.R. 39.05(C) of the Court of Common Pleas of Franklin County provides that "the Trial Judge shall have the power, coextensive with the inherent powers of the Court and the enumerated powers in the Revised Code and the Civil Rules, to impose sanction on attorneys, parties, or both." Moreover, "[i]f the Trial Judge finds that a party or attorney has failed to comply with the local rules and/or a case schedule and/or the Civil Rules without reasonable excuse or legal justification, the Trial Judge may impose sanctions proportional to the extent or frequency of the violation(s)." Loc.R. 39.05(D).
In general, it is within the trial court's discretion to determine the particular sanction to be imposed for a discovery infraction, and a reviewing court will reverse such a ruling only for an abuse of that discretion. Nakoff v. FairviewGeneral Hosp. (1996), 75 Ohio St.3d 254, syllabus. Abuse of discretion is more than an error of judgment; rather, it encompasses an attitude on the part of the trial court that is "unreasonable, unconscionable, or arbitrary." Pembaur v. Leis
(1982), 1 Ohio St.3d 89, 91.
However, as this court has so found, a trial court's discretion in selecting a discovery sanction is not unfettered. See, e.g., Billman v. Hirth (1996), 115 Ohio App.3d 615. A "trial court must consider the posture of the case and what efforts, if any, preceded the noncompliance and then balance the severity of the violation against the degree of possible sanctions, selecting that sanction which is most appropriate."Russo v. Goodyear Tire Rubber Co. (1987), 36 Ohio App.3d 175,178. In making this decision, the trial court should consider several factors:
 * * * [T]he history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply; what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate. [Id.]
Here, reviewing the record in this case, we find that the trial court abused its discretion in dismissing appellants' action without prejudice.
First, the type of discovery violations found by the trial court to be willful and in bad faith are those requiring a violation of an order compelling discovery before sanctions can be imposed under Civ.R. 37. In Dafco Inc. v. Reynolds (1983),9 Ohio App.3d 4, this court addressed the propriety of imposing discovery sanctions under Civ.R. 37. In particular, this court noted that under Civ.R. 37(D), a party who fails to appear at a properly noticed deposition or remains silent in the face of properly served written discovery requests is subject to immediate imposition of sanctions after motion and notice. Id.
at 4-5. However, failure to make discovery not falling within the types identified in Civ.R. 37(D) are not sanctionable absent a prior order of the court compelling such discovery. The court summarized:
 * * * Civ.R. 37(D) provides a one-step method for immediate imposition of sanctions by motion when a party fails to appear at a properly noticed deposition. The method for obtaining an advance court determination to avoid the imposition of immediate sanctions is to move for a protective order, pursuant to Civ.R. 26(C), before the time for compliance occurs. In contrast thereto, in the instance of all failures to make discovery other than those specified by Civ.R. 37(D), it is necessary, as pointed out by Moore's Federal Practice, to apply to the court for an order to compel discovery pursuant to Civ.R. 37(A) and to obtain an order of the court which must then be violated before a second motion is used to obtain sanctions for failure to comply with the order. [Id. at 5.]
Accord American Sales, Inc. v. Boffo (1991), 71 Ohio App.3d 168,172-173; cf. Jones v. Murphy (1984), 12 Ohio St.3d 84
(exclusion of expert witness was within trial court's discretion under Civ.R. 37[D] when plaintiffs failed to disclose identity of expert in initial response to defendant's interrogatory and failed to respond at all to defendant's request that appellants supplement their interrogatory answer under Civ.R. 26[E]).
Appellants did not fail to attend a properly noticed deposition. Nor did they remain completely silent in the face of appellees' discovery requests. In particular, on July 3, 1997, appellants responded to appellees' interrogatories seeking information about appellants' experts by objecting on various grounds, by specifically identifying a structural expert (Gary Wilhelm) as one expert, and by reserving the right to identify a safety expert in the future. On July 15, 1997, appellants filed their initial witness list including the structural engineer and again reserving the right to identify a water safety expert, and on August 28, 1997, appellants included three additional experts in their supplemental witness list. On September 25, 1997, appellees wrote to appellants noting that appellants' answers to the appellees' interrogatories were incomplete (especially in light of the three additional expert witnesses) and requested that appellants supplement their answers, produce expert reports and curriculum vitae as requested in appellees' document requests, and provide deposition dates for all four experts by October 1, 1997. Appellants responded contending that appellees' requests concerning the experts were premature until the experts were able to inspect the pool, which appellees had yet to make available. After the pool was inspected on October 21, 1997, appellants continued to respond to appellees' inquiries by claiming that the experts had not had enough time to generate their reports and that the reports would be produced when generated. Significantly, despite appellants' responses, appellees never filed a motion to compel the production of such information, the production of expert reports, or the scheduling of depositions. Nor did appellees otherwise notice any depositions.
As to the production of medical records, appellants specifically informed appellees by August 1997 that they had produced all such records in their possession and informed appellees that they could obtain additional records from Leon Settle's medical providers. On August 20, 1997, appellants also specifically informed appellees that they were not entitled to an unconditional medical release and that if the appellees insisted on one, they should file a motion to compel with the court. Again, appellees failed to file a motion to compel.
Given such responses, appellees had an obligation to obtain an order from the trial court compelling discovery before seeking sanctions under Civ.R. 37. Cf. Heilman v. Weltzheimer
(May 28, 1981), Franklin App. No. 80AP-524, unreported (1981 Opinions 1459) (trial court did not err in failing to exclude undisclosed witness since plaintiff could have, but failed to, file a motion to compel); Gomez v. County of Fulton, Bd. ofCommissioners (Sept. 15, 1989), Fulton App. No. F-88-12, unreported (trial court properly refused to award sanction for failure to comply with appellees' request to produce medical records since appellees never requested an order compelling the production of such records); Brannon v. Troutman (1992),75 Ohio App.3d 233 (no error in admitting documents not produced since record revealed that no motion to compel was sought or issued). As such, we find that the dismissal of the action without an intervening order compelling discovery was not proper under Civ.R. 37.
We also find that dismissal of the action pursuant to Loc.R. 39 of the Court of Common Pleas of Franklin County, General Division, was an abuse of discretion. As noted above, Loc.R. 39.05 generally grants the trial court authority to impose sanctions for violations of the local rules, case schedule, or the civil rules without reasonable excuse or legal justification. However, such sanctions must be "proportional to the extent or frequency of the violations." Loc.R. 39.05(D). Here, we find that dismissal of the action was not proportional to the alleged violations committed here.
First, while the trial court found that appellants' failure to produce expert reports or provide deposition dates before the discovery cut-off was willful and in bad faith, we find that such a finding ignores the practical reality that the production of such expert opinions and reports were substantially contingent upon the inspection of the pool, a matter over which appellants had little to no control. As noted above, on June 17, 1997, the trial court ordered that appellants and their experts were to be given an opportunity to inspect the pool when it was traditionally empty and not before that date. In mid-September 1997, appellants requested that appellees provide dates when the pool could be inspected. Appellees responded that the pool was not empty yet and would not be empty until at least the second week in October. Subsequently, appellees provided October 21, 1997, as the earliest date that appellees could inspect the pool, which appellants did on that date. As a result, appellants and their experts had less than one month before the originally scheduled deposition cut-off date to prepare expert reports and conclude depositions.
We further note that prior to the discovery cut-off date, appellants were not completely silent in response to appellees' efforts to obtain expert discovery and schedule expert depositions, at least with regard to two of appellants' identified experts. On October 28, 1997, appellants informed appellees that water safety expert Kim Tyson was located in Texas and that the parties could either fly to Texas to depose him or have him flown to Ohio. Appellees responded that they wanted to depose Tyson in Texas. On November 3, 1997, appellants provided appellees with the curriculum vitae of two experts, Wilhelm and Tyson, and again informed appellees that expert reports were not available yet due to the only recent pool inspection but that such reports would be provided as soon as they were generated. On November 7, 1997, appellants informed appellees that Tyson had advised the appellants that his earliest available date for deposition was December 19, 1997. At the same time, appellants informed appellees that Wilhelm was local, that he was available for deposition, and that appellants would attempt to coordinate deposition dates in the near future. The record reveals no further correspondence between November 7, 1997, and the discovery cut-off date one week later.
Similarly, we find that the trial court abused its discretion in dismissing appellants' case on the grounds that appellants' refusal to execute the unconditional medical records release was unreasonable and the appellees were materially prejudiced thereby. The filing of a civil action does not automatically authorize the discovery of all medical records of a plaintiff. See Ward v. Johnson's Industrial Caterers, Inc. (June 25, 1998), Franklin App. No. 97APE11-1531, unreported (1998 Opinions 2305) (trial court abused its discretion in ordering plaintiff to execute general medical release authorizations without first ascertaining what records were causally and historically related to plaintiff's claims). While appellants' efforts to withhold execution of the medical records release unless appellees provided free copies of the records is certainly questionable, we again note that appellants made their position clear as early as August 1997 and appellees failed to seek judicial assistance in obtaining such releases or records prior to the discovery cut-off date.
Finally, we agree with appellees that the trial court did not abuse its discretion in finding that appellants' failure to disclose the three lay witnesses whose affidavits were used in appellants' motion for summary judgment was without reasonable excuse and could be construed as willful or in bad faith. Appellants obtained the affidavits of these witnesses in October 1996. However, Loc.R. 43.04 of the Court of Common Pleas of Franklin County, General Division, specifically provides that the appropriate sanction for failing to properly disclose witnesses is the exclusion of those witnesses unless the trial court orders otherwise for good cause. See, e.g., Deev. Traffic Specialists, Inc. (Mar. 4, 1997), Franklin App. No. 96APE07-972, unreported (1997 Opinions 610). Here, the trial court simply dismissed appellants' action.
In summary, given the nature of appellants' violations, the limited time between the pool inspection and the discovery cut-off date, and the failure of appellees to seek judicial intervention before the discovery cut-off date, we find that the trial court's sanction of dismissal was an abuse of discretion. We, therefore, find appellants' first and second assignments of error well-taken.
In their third assignment of error, appellants contend that the trial court erred in failing to grant appellants' motion for default judgment. In so doing, appellants intimate that appellees failed to disclose information regarding any structural or cosmetic changes to the pool and frustrated appellants' efforts to depose a former manager of the apartment complex. Our independent review of the record, however, fails to reveal that appellees committed such discovery abuses, let alone warranting the harsh sanction of default judgment. The trial court did not abuse its discretion in denying appellants' motion. As such, appellants' third assignment of error is not well-taken.
For the foregoing reasons, appellants' first and second assignments of error are sustained, their third assignment of error is overruled, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law, consistent with this opinion.
Judgment reversed and cause remanded.
BRYANT and KENNEDY, JJ., concur.