JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1.
 {¶ 2} This is an appeal from the Cuyahoga County Common Pleas Court wherein appellant, David W. Roberts (Roberts), appeals the trial court's denial of his Civ. R. 60(B)(5) motion for relief from judgment on September 8, 2008. For the following reasons, we affirm the trial court.
 {¶ 3} On January 22, 2008, Roberts filed a complaint which set forth two counts of professional negligence against appellee, Christopher W. Roberson (Roberson), arising out of his representation as an appointed public defender in two criminal cases: Cuyahoga County Common Pleas Court Case Nos. CR-480193 and CR-483914. The indictments filed in these cases in 2006 charged Roberts with multiple counts of drug possession and drug trafficking offenses. Roberts alleged in his complaint that Roberson was negligent in his representation in these cases.
 {¶ 4} On January 31, 2008, Roberts filed an amended complaint that was identical to the first complaint except that it added a third count for loss of consortium. The third count alleged that Roberson's negligent representation caused Roberts's relationship with his then minor daughter "to be vitiated." On February 21, 2008, Roberson filed a motion to dismiss the original complaint and *Page 4 
a motion to take judicial notice of the trial court's proceedings in the two criminal cases, CR-480193 and CR-483914.
 {¶ 5} Roberts served Roberson with his amended complaint on or about February 26, 2008, despite the fact that it had been filed with the court on January 31, 2008. Roberson contended that the copy received by him was not signed and contained no certificate of service.
 {¶ 6} On February 27, 2008, Roberson filed a motion to dismiss plaintiff's amended complaint and motion to take judicial notice, and a motion to strike plaintiff's amended complaint for failure to comply with Civ. R. 5, or in the alternative, motion for leave to file an amended motion to dismiss and motion to take judicial notice, instanter.
 {¶ 7} On March 14, 2008, Roberts filed a motion for leave to file amended complaint, instanter. On March 14, 2008, Roberts also filed his brief in opposition to Roberson's motion to dismiss.
 {¶ 8} On March 21, 2008, a case management conference was held by phone.
 {¶ 9} The court's journal entry memorializing the conference stated in pertinent part as follows:
 "Case called for case management conference by telephone on 3/21/08. Plaintiff appears pro se. Defendant's counsel was not able to be conferenced in. The following case *Page 5 management dates are established: Fact discovery shall be completed by 5/21/08. Plaintiff's expert report due 6/20/08. Defendant's expert report due 7/21/08. Dispostive motions shall be filed by 7/31/08. Final pre-trial set for 09/04/2008 at 10:00 a.m. All parties with authority to settle must be present in person. Trial by Jury set for 09/15/08 at 9:30 a.m."
 {¶ 10} On April 30, 2008, the trial court issued the following journal entry, which was filed on May 2, 2008:
 "Plaintiff's motion for leave to file amended verified complaint instanter, filed 3/14/08, is granted. Plaintiff's amended complaint is deemed filed as of 1/31/08. Defendant's motion to strike plaintiff's amended complaint for failure to comply with Civil Rule 5, filed 2/27/08, is denied. Defendant's alternative motion for leave to file a motion to dismiss plaintiffs amended complaint, filed 2/27/08, is granted. Defendant's motion to dismiss is granted. Defendant's motion to dismiss is deemed filed as of 2/27/08. Defendant's motion to dismiss amended complaint, filed 2/27/08, is granted. Plaintiff's amended complaint dismissed with prejudice. Final. No just cause for delay. Defendant's motion to dismiss plaintiffs complaint, filed 2/21/08, is moot. Final pre-trial conference of 9/4/08 and trial of 9/15/08 are cancelled. Court costs assessed as directed."
 {¶ 11} The trial court did not specifically rule on the motion to take judicial notice that was filed with the motion to dismiss plaintiffs amended complaint filed February 27, 2008. After this final dispositive entry was issued and filed, Roberts continued to file various motions with the court. Roberts filed a motion *Page 6 
for clarification of the record on June 18, 2008. The trial court denied the motion, referring Roberts to the journal entry of May 2, 2008.
 {¶ 12} On July 16, 2008, Roberts filed a motion for relief from judgment pursuant to Civ. R. 60(B)(5). On September 8, 2008, his motion was denied by journal entry that read as follows: "Plaintiff's verified motion for relief from judgment pursuant to Civil Rule 60(B)(5), filed 7/16/2008, is denied."
 {¶ 13} Roberts timely filed his notice of appeal from the order denying his motion to vacate on September 29, 2008. He raises two assignments of error for review.
Assignment of Error No. One
 " The trial court committed an abuse of discretion when it summarily denied Plaintiff's Civil Rule 60(B)(5) Relief from judgement [sic]."
 {¶ 14} We review Civ. R. 60(B) motions for relief from judgment upon an abuse-of-discretion standard. Rose v. Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. "Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 15} Civ. R. 60(B) allows a court to grant relief from a final judgment, order, or proceeding for the following reasons:
 "(1) mistake, inadvertence, surprise or excusable neglect; *Page 7 
 "(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial ***;
 "(3) fraud ***, misrepresentation or other misconduct of an adverse party;
 "(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
 "(5) any other reason justifying relief from judgment."
 {¶ 16} To prevail on a motion for relief from judgment, the movant must demonstrate that: "(1) the party has a meritorious defense or claim to present if the relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time ***." GTE Automatic Elec, Inc.v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 150. If any of these requirements are not met, the trial court must overrule the Civ. R. 60(B) motion. Rose Chevrolet at 20.
 {¶ 17} However, it has long been established that a Civ. R. 60(B) motion for relief from judgment may not be used as a substitute for a timely appeal. See Kelley v. Lane, 103 Ohio St.3d 432, 2004-Ohio-5582;Doe v. Trumbull Cty. Children Serv. Bd. (1986), 28 Ohio St.3d 128, 131;Blasco v. Mislik (1982), 69 Ohio St.2d 684, 686; State ex rel. Howard v.Doneghy, 102 Ohio St.3d 355, 2004-Ohio-3207. *Page 8 
 {¶ 18} In the instant case, instead of properly filing a direct appeal from the trial court's judgment of May 2, 2008, which granted Roberson's motion to dismiss Roberts's amended complaint with prejudice, Roberts improperly sought review of such final judgment by means of a Civ. R. 60(B) motion. Civ. R. 60(B) does not permit such relief. Doe at 131,Blasco at 684.
 {¶ 19} Furthermore, even if Civ. R. 60(B) permitted such relief, Roberts failed to demonstrate that he was entitled to relief from judgment under the ground raised in his motion 60(B)(5). Roberts's claim that he misunderstood the trial court's ruling of May 2, 2008, is insufficient as his argument does not amount to mistake, surprise, inadvertence or excusable neglect. As recently stated by the court inGarrett v. Gortz, Cuyahoga App. No. 90625, 2008-Ohio-4369,"it was incumbent on him to check the docket to keep informed of the progress of the case. The failure to *** keep informed of the progress of an ongoing case does not qualify as excusable neglect." Id. at ¶ 16. (Internal citations omitted.)
 {¶ 20} Robert's motion for relief from judgment solely challenged the trial court's reasoning and alleged legal errors in its final judgment entry of May 2, 2008. The issues raised in his 60(B)(5) motion could have and should have been raised on a direct appeal. The time for filing a direct appeal expired in June of 2008. Moreover, Robert's Civ. R. 60(B)(5) motion failed to demonstrate *Page 9 
appropriate grounds for relief under Civ. R. 60(B)(1)-(5). Therefore, we cannot say that the trial court abused its discretion in denying the motion.
 {¶ 21} Robert's first assignment of error is overruled.
Assignment of Error No. Two
 "The trial court was clearly erroneous in denying Plaintiff Due Process by prematurely dismissing his case with prejudice without providing him any notice and opportunity to be heard especially when the case was less than 100 days old on the docket and proceeding timely through discovery in violation of the Fourteenth Amendment to the United States Constitution, and Article I, Section 16 of the Ohio State Constitution."
 {¶ 22} Because we have determined the trial court did not err in denying Robert's motion for relief from judgment where the only issues presented in the motion were those that could have been raised directly in a timely appeal, we find the second assignment of error to be moot and, hence, we decline to address it. App. R. 12(A)(1)(c). See, also,Schutte v. Akron Public Schools Bd. of Edn., Summit App. CA 23036,2006-Ohio-4726, at ¶ 5.
 {¶ 23} Given the first assignment of error is determinative for the reasons discussed, we overrule the second assignment of error as moot.
 Judgment affirmed. *Page 10 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR. *Page 1