[Cite as *Borsellino v. Cramer*, 2012-Ohio-164.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96893**

## CAROL BORSELLINO, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## SMYTHE CRAMER CO., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-720366

**BEFORE:**  Celebrezze, P.J., S. Gallagher, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**    January 19, 2012

**ATTORNEYS FOR APPELLANTS**

Brendan Delay
24500 Center Ridge Road
Suite 175
Westlake, Ohio 44145

Nate N. Malek
Law Office of Nate N. Malek, L.L.C.
29025 Bolingbrook Road
Cleveland, Ohio   44124

**ATTORNEYS FOR APPELLEES**

**For Smythe Cramer Co., et al.**
Brian D. Sullivan
George S. Coakley
Cynthia A. Lammert
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio   44115-1093

**For Mark and Monica Small**
David Honig
James D. Ludwig
Cleveland Construction, Inc.
5390 Courseview Drive
Mason, Ohio   45040

**For Nancy Calabrese**
David J. Richard, Jr.
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio   44077

**For Diane Greene, et al.**
Joseph T. Burke
Polito, Paulozzi, Rodstrom & Burke, L.L.P.
21300 Lorain Road
Fairview Park, Ohio   44126
FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1} Appellants, Dr. Samuel and Carol Borsellino, seek reversal of an award of attorney fees of $2,000 in favor of appellees, Smythe Cramer Co. (d.b.a. Howard Hanna Co.), Dottie and Peter Brooks, and Barristers of Ohio, L.L.C., (collectively, the "Agents"); and $943.46 in favor of Mark and Monica Smalls (collectively, the "Sellers"). The fees were awarded as a discovery sanction for Dr. Borsellino's failure to appear at a scheduled deposition. The Borsellinos now argue that the trial court erred in awarding attorney fees as a sanction and take issue with the amount of those fees. After a thorough review of the record and case law, we affirm.

## I.   Factual and Procedural History

{¶ 2} The Borsellinos filed suit against appellees and others on March 5, 2010, for claims arising from the sale of residential property. One law firm represented the Agents. On May 27, 2010, counsel for the Agents sent correspondence to the Borsellinos' attorneys asking for mutually agreeable dates on any work day during two weeks in June to conduct the depositions of Dr. Samuel and Carol Borsellino. This correspondence went unanswered. As a result, the Agents' counsel again sent a letter to the Borsellinos' attorneys on June 14, 2010, requesting agreeable deposition dates and proposing June 25, 28, 29, or July 7 through 9 as possibilities. After receiving no response, on June 18, 2010, counsel for the Agents sent notice to the Borsellinos to appear for depositions on June 28, 2010.

**{¶ 3}** The same day the notice was received, the Borsellinos' attorneys canceled the depositions due to scheduling conflicts of the attorneys and advised that alternate dates would be provided. By June 29, 2010, the Agents' counsel had received no dates from the Borsellinos and again sent a letter asking that the depositions be scheduled on one of eight suggested dates in July. No response to this letter was received, and the Agents' counsel then sent an email on July 16, 2010, requesting deposition dates in July or August. After no dates were forwarded by the Borsellinos, on July 20, 2010, the Agents' counsel again sent notice to the Borsellinos to appear for depositions on August 17, 2010, and indicated the date would not be changed. The day before the scheduled depositions, the Borsellinos' attorneys attempted to cancel Dr. Borsellino's deposition. The Agents' counsel refused to acquiesce, and Carol's deposition proceeded, but Dr. Borsellino failed to appear.

**{¶ 4}** On August 26, 2010, appellees filed a joint motion for sanctions seeking $3,892.50 in costs for the Agents and $943.46 in costs for the Sellers. The trial court granted appellees' motion on March 23, 2011, and awarded $2,000 and $943.46, respectively. The Borsellinos then dismissed their case without prejudice and filed both an appeal and a Civ.R. 60(B) motion for relief from judgment. The appeal was dismissed by this court as untimely. The

Borsellinos filed the instant appeal from the trial court's denial of their Civ.R. 60(B) motion raising two errors.[1]

## II. Law and Analysis

### A. Civ.R. 60(B) Is Not a Substitute For a Timely Appeal

{¶ 5} Here, the Borsellinos attempt to appeal from an order denying their motion for relief from judgment, and not from the order granting sanctions in favor of appellees. This is because their notice of appeal from the journal entry ordering sanctions was not timely filed and was dismissed by this court. "However, it has long been established that a Civ.R. 60(B) motion for relief from judgment may not be used as a substitute for a timely appeal." *Roberts v. Roberson*, 8th Dist. App. No. 92141, 2009-Ohio-481, 2009 WL 279809, ¶ 17. This holding flows from the Ohio Supreme Court's decision in *Doe v. Trumbull Cty. Children Serv. Bd.*, 28 Ohio St.3d 128, 131, 502 N.E.2d 605 (1986). There, a party attempted to revive litigation after a final judgment was issued from which a direct appeal was not taken. After a perceived change in controlling case law, the party filed a Civ.R. 60(B) motion. The Ohio Supreme Court not only held that subsequent changes in

---

[1] The Borsellinos' two assignments of error state: "The trial court erred when it failed to find that [Dr. Borsellino's] failure to attend the deposition was substantially justified, or that the circumstances made the award of attorney's fees unjust"; and even if the sanction was justified, "[t]he trial court erred when it awarded attorney's fees to the [appellees] without competent credible evidence as to how those fees were incurred."

controlling case law in unrelated matters are not proper grounds for relief from judgment, but also that "[a] party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal." *Id.* at paragraph two of the syllabus.

{¶ 6} The Borsellinos are attempting to appeal alleged legal errors made by the trial court when it granted sanctions as a substitute for their dismissed appeal. This is improper.

## B. Award of Attorney Fees as Discovery Sanctions

{¶ 7} Even if this appeal were proper, the Borsellinos fail to argue how they satisfy any of the required elements of Civ.R. 60(B) necessary to show that the trial court abused its discretion in denying their motion. In fact, the Borsellinos' brief fails to even mention Civ.R. 60(B). Both parties, as if the prior appeal was never dismissed, cite to Civ.R. 37(D) as governing law in this case controlling the standard of review. However, the proper standard the Borsellinos must meet is that which applies to an appeal from the denial of a Civ.R. 60(B) motion. The Borsellinos must successfully argue that the trial court abused its discretion in denying their motion because they demonstrated (1) that they possess a meritorious defense or claim to present if relief is granted; (2) they are entitled to relief under the provision argued in their motion, Civ.R. 60(B)(5); and (3) their motion was made within a reasonable time. *GTE Automatic Elec. v. ARC Indus.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

**{¶ 8}** The Borsellinos' brief does not sufficiently identify a meritorious claim or defense or otherwise identify how it satisfied these requirements based on evidence in the record. The arguments attempting to show how the trial court abused its discretion in granting sanctions under Civ.R. 37(D) are unavailing.

**{¶ 9}** Civ.R. 37(D) provides for attorney fees as a sanction, stating:

If a party * * * fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice[,]* * * the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

**{¶ 10}** The Borsellinos argue that Samuel's failure to appear was justified because he is a neurosurgeon and his workload prevented him from attending the deposition. However, he did not apply for a protective order or otherwise make a record for this court that his schedule prevented his deposition from going forward. When parties cannot attend their scheduled deposition, it is not enough to send a message to opposing counsel the day before it is to begin. *See Dafco, Inc. v. Reynolds*, 9 Ohio App.3d 4, 5, 457 N.E.2d 916 (10th Dist.1983), citing *Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32 (3d Cir.1979). "The method for obtaining an advance court determination to avoid the imposition of immediate sanctions is to move

for a protective order, pursuant to Civ.R. 26(C), before the time for compliance occurs." *Id.*

{¶ 11} Nothing in the record, apart from a statement that Dr. Borsellino is one of only 3,600 neurosurgeons in the country and was working that day, demonstrates why his deposition should not have gone forward on August 17, 2010. It had been scheduled for some time, and the Borsellinos took no action until the day before the deposition was to go forth. This was also the second time the deposition had been attempted after the Agents' counsel had made ample efforts to secure an agreeable date. The Borsellinos had abundant opportunity to suggest agreeable dates and had a significant period of time within which to move for a protective order. They did neither. The trial court did not abuse its discretion in denying the Borsellinos' Civ.R. 60(B) motion. They failed to show a meritorious claim or defense — a necessary element of such a motion.

### III.   Conclusion

{¶ 12} An appeal from a Civ.R. 60(B) motion for relief from judgment should not be used as a substitute for a timely filed direct appeal. The Borsellinos' failure to even mention Civ.R. 60(B) in their brief in light of their prior untimely appeal indicates that is precisely their intent. But, even if it was not, the Borsellinos fail to point to evidence in the record indicating that Dr. Borsellino was justified in not attending his properly scheduled

deposition. Therefore, the trial court did not abuse its discretion in denying their motion for relief from judgment.

Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
EILEEN A. GALLAGHER, J., CONCUR