OPINION
{¶ 1} Michael and Pamela Newberry appeal from a judgment of the Clark County Court of Common Pleas awarding them $31,173 for the appropriation of their property and damage to the residue of their estate.
 {¶ 2} In their sole assignment of error, the Newberrys contend the trial court erred by excluding from trial an expert report and related testimony as to the fair market value of their real estate after appropriation.
 {¶ 3} The present appeal stems from a decision by appellee Clark County Board of Commissioners to widen Leffel Lane in Springfield, Ohio. In order to widen the road, the Commissioners needed to appropriate a portion of the Newberrys' land. As a result, they filed a petition for appropriation in accordance with Ohio law. Prior to trial, the Commissioners also made a written offer to confess judgment in favor of the Newberrys in the amount of $22,500. (Doc. #15). The Newberrys rejected this offer, and the matter proceeded to trial before a jury. During trial, the Commissioners made a second offer to confess judgment in the amount of $30,000 (Tr. Vol. 3 at 322). The Newberrys rejected this offer as well. Thereafter, the jury rendered a verdict in favor of the Newberrys in the amount of $31,173. This amount included $6,250 for the land taken and $24,817 for damage to the residue of the estate. The trial court subsequently entered final judgment to reflect the jury's verdict. On appeal, the Newberrys contest the amount of compensation awarded to them. They argue that the portion of the verdict reflecting damage to the residue of their estate would have been higher if the trial court had not excluded certain evidence. Specifically, they challenge the exclusion of an expert report and related testimony concerning the fair market value of their land after appropriation.
 {¶ 4} The trial court excluded the report and related testimony because the Newberrys' attorney provided opposing counsel with a copy of the expert report just one day before trial.[1] The trial court found unpersuasive the Newberrys' argument that opposing counsel never sought the expert report under the discovery provisions of the Civil Rules. The trial court also found no merit in the Newberrys' argument that their failure to disclose the report sooner did not violate any pretrial orders. In rejecting these arguments, the trial court found that the parties had operated under an informal agreement to conduct discovery without the necessity of invoking the Rules of Civil Procedure or relying on pretrial discovery orders. In relevant part, the trial court explained its ruling to the Newberrys' counsel as follows:
 {¶ 5} "The whole purpose of discovery is so that we don't have these problems in the middle of a trial. When we had our pretrial conferences, the Court was informed that there was no need to make any formal orders on these matters because everybody was working together and the information was being extended to each other. If there were no discovery being interchanged between the parties, then I believe in the reading of [the Rules of Civil Procedure] where it says a party may do this, may do that, may get this information, they didn't bother to. They didn't bother to ask for it. They don't come under the rule.
 {¶ 6} "But here where there was a mutual exchange of information and assurances being given, that you've got all the information we've got, prepare what you're gonna do, we've prepared what we're gonna do. Then I think at this time to get somebody a document that you plan to present to the trial the day before the trial starts is, in fact, a trial by ambush. Unintended as it may have been, I know that the phrase sounds evil somehow.
 {¶ 7} "I'm not using it to imply that I think somebody tried to do something behind someone's back. I'm just saying that's the effect that it has. It puts us in the situation where either somebody doesn't get the information that they've got to the jury or by letting that go to a jury, I put the other side in a position where they haven't had a chance to respond to it.
 {¶ 8} "The day before the trial to hand a new document to them setting a different opinion forth or an additional opinion forth that can only be responded to by a deposition and perhaps bringing back an expert to do another further evaluation isn't timely. When you engaged in this mutual agreement to provide discovery to each other that was gonna be used at trial, then I think you are bound to provide all the discovery of things you are gonna use at trial. If your expert didn't give it to you, he didn't give it to you.
 {¶ 9} "The document as to the residual appraisal will not be permitted to be presented to the jury. Since there was no disclosure that such a document existed.
 {¶ 10} "And while you did disclose the expert, you also disclosed his reports, which indicated to the other side what his testimony was going to be about and you did not disclose that his testimony was gonna be about an opinion regarding residual value. That will also be the objection to the questioning regarding that issue will also be sustained." (Tr. Vol. 3 at 327-329).
 {¶ 11} In their assignment of error, the Newberrys contend the trial court erred by excluding the expert report and related testimony as to the fair market value of their estate after appropriation. In support, they note that no local rule or pretrial discovery order obligated them to disclose the expert report. Although the Ohio Rules of Civil Procedure do set forth procedures for obtaining discovery, the Newberrys also stress that opposing counsel never used those procedures or made any request for discovery under the Civil Rules. (Appellants' Brief at 9-13). As a result, the Newberrys reason that the trial court improperly sanctioned them "for not doing something [that they] were not ordered or otherwise required by rule to do." (Id. at 10).
 {¶ 12} In response, the Commissioners first note that under Civ.R. 37 a trial court may exclude evidence as a sanction for the violation of a discovery order. The Commissioners then admit, however, that "no discovery orders were entered, and no formal discovery requests were made." (Appellee's Brief at 4). Nevertheless, they stress that prior to trial the parties had "engaged in informal discovery and freely exchanged information." (Id.). In particular, the Commissioners note that the parties had exchanged other appraisal reports several months before trial. (Id. at 4-5). They then argue that the Newberrys "cannot agree to dispense with the formal discovery process and later claim that the absence of formal discovery invalidates the trial court's decision." (Id. at 7). Finally, the Commissioners cite the "invited error" doctrine and suggest that the Newberrys cannot take advantage of an error that they induced the trial court to make. (Id.).
 {¶ 13} Upon review, we find the Newberrys' sole assignment of error to be persuasive. At the outset, we recognize that "absent an abuse of discretion, an appellate court must affirm a trial court's disposition of discovery issues." State ex rel. V Cos. v. Marshall, 81 Ohio St.3d 467,469, 1998-Ohio-329. After reviewing the record, however, we conclude that the trial court did abuse its discretion. Pursuant to R.C. § 163.22, appropriation proceedings such as the one brought against the Newberrys "shall be governed by the law applicable in civil actions, including, but not limited to, the rules governing discovery[.]" Those discovery rules include, inter alia, provisions for serving interrogatories, taking depositions, and making requests for production of documents. See Civ.R. 26 through Civ.R. 37. In addition, Civ.R. 29 permits parties, by written stipulation, to "modify the procedures provided by [the Civil Rules] for methods of discovery." Finally, we note that Civ.R. 37(B)(2)(b) allows a court to exclude evidence if a party "fails to obey an order to provide or permit discovery[.]"
 {¶ 14} In the present case, the Commissioners never utilized any of the procedures provided by the Ohio Rules of Civil Procedure to obtain discovery from the Newberrys. In addition, as the Commissioners themselves concede, the trial court never entered any discovery order obligating the Newberrys to make timely disclosure of their expert report regarding the value of the residue of their estate. We note, too, that the Newberrys and the Commissioners never entered into a written stipulation as they could have done, pursuant to Civ.R. 29, to dispense with the formal discovery procedures set forth in the Civil Rules. Furthermore, the record contains no evidence to support the trial court's assertion that the parties agreed, during pretrial conferences, "that there was no need to make any formal orders on [discovery] matters because everybody was working together and the information was being extended to each other." Unfortunately, the trial court does not appear to have conducted its pretrial conferences on the record; therefore, we have no record of any such agreement by the parties.[2]
 {¶ 15} In short, although the parties apparently engaged in some voluntary sharing of information, they never stipulated to dispensing with the discovery process set forth in the Civil Rules. Given that the Commissioners never sought discovery under the Civil Rules and the trial court never entered any discovery orders or found the Newberrys in violation of any such orders, we reject the Commissioners' argument that exclusion of the expert report and related testimony was a permissible sanction under Civ.R. 37(B)(2)(b). Numerous Ohio appellate courts have held that a court may impose discovery sanctions, including the exclusion of evidence, only when a party fails to obey a court order to provide discovery. See, e.g., Brewer v. Hankins (Aug. 17, 1998), Madison App. No. CA98-01-003; Williams v. Boltenhouse (May 29, 1992), Pickaway App. No. 92 CA 01; Dafco, Inc. v. Reynolds (1983), 9 Ohio App.3d 4, 5-6; InnerCity Wrecking Co. v. Bilsky (1977), 51 Ohio App.2d 220, 223-225; Sextonv. Sugar Creek Packing Co. (1973), 38 Ohio App.2d 32, 35-36. Absent such an order, or even any formal request for discovery or a stipulation dispensing with the need for such a request, we hold that the trial court abused its discretion when it precluded the Newberrys from introducing their expert report and related testimony as to the fair market value of their estate after appropriation.
 {¶ 16} Finally, we find no merit in the Commissioners' assertion that the invited-error doctrine bars the Newberrys from prevailing on appeal. This doctrine provides that "a party is not permitted to take advantage of an error that he himself invited or induced the court to make." Davis v. Wolfe, 92 Ohio St.3d 549, 552, 2001-Ohio-1281. The trial court erred in the present case by precluding the Newberrys from introducing an expert report and related testimony. The Newberrys did not invite the trial court to make this error. To the contrary, they vigorously argued that, despite the voluntary exchange of some information, the expert report and testimony were not subject to exclusion because the Commissioners never made a discovery request and no court order obligated them to disclose the report earlier. (See, e.g., Tr. Vol. 3 at 324-325).
 {¶ 17} Based on the reasoning and citation of authority set forth above, we hereby sustain the appellants' sole assignment of error. The judgment of the Clark County Court of Common Pleas will be reversed, and this cause will be remanded for further proceedings consistent with this opinion.
 {¶ 18} Judgment reversed and cause remanded.
FAIN, J., and GRADY, J., concur.
[1] The Newberrys were permitted to introduce expert reports and related testimony concerning (1) the value of the actual land appropriated and (2) the value of their estate as a whole prior to appropriation. Opposing counsel received these expert reports well before trial, and their use was not an issue. The only dispute at trial and on appeal is whether the Newberrys should have been permitted to introduce a third expert report and related testimony concerning the value of their estate after appropriation, i.e., the value of the residue of the estate.
[2] Parenthetically, we note that when counsel for the Commissioners first objected to the introduction of the expert report at issue, he stated, "I think I made a request for production of documents maybe, I think I did. I guess I have to check it but that's probably important." (Tr. Vol. 2 at 293). On appeal, however, the Commissioners concede that "no formal discovery requests were made." (Appellee's Brief at 4).