GRADY, Appellant,

v.

CHARLES KALINSKY, D.D.S., INC. et al., Appellees.

[Cite as *Grady v. Charles Kalinsky, D.D.S., Inc.*, 165 Ohio App.3d 306, 2005-Ohio-5550.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 86240.

Decided Oct. 20, 2005.

Kirk W. Liederbach, for appellant.

Bonezzi, Switzer, Murphy & Polito, Patrick J. Quallich, Peter A. Holdsworth, John S. Polito, and Beth A. Sebaugh, for appellees.

PATRICIA ANN BLACKMON, Administrative Judge.

{¶ 1} In this accelerated appeal, appellant, Frank Grady, appeals the trial court's granting of summary judgment and a motion in limine in favor of appellees Dr. Charles Kalinsky and Charles Kalinsky, D.D.S., Inc. (collectively,

"Dr. Kalinsky") and its denial of Grady's motion for relief from judgment. Grady assigns the following errors for our review:

I. The trial court abused its discretion when it excluded all testimony from Plaintiff's expert witness based on his failure to produce his expert witness for deposition.

II. The trial court abused its discretion in denying Plaintiff's Civ.R. 60(B) motion for relief.

III. The trial court erred in granting summary judgment to Defendants when such judgment was based on the court's prior order excluding the testimony of Plaintiff's expert.

{¶ 2} Having reviewed the record and pertinent law, we reverse the judgment and remand the cause to the trial court. The apposite facts follow.

{¶ 3} Grady, represented by counsel, originally filed a complaint for malpractice against Dr. Kalinsky on January 17, 2002. Kalinsky was Grady's treating dentist from 1974 until January 2001. Grady alleged that Dr. Kalinsky provided negligent dental care, which caused him injury, as well as future dental expenses and treatment.

{¶ 4} On December 26, 2002, Dr. Kalinsky filed a motion for summary judgment based on the fact that Grady had failed to produce an expert report. Prior to the court's ruling on the motion, Grady voluntarily dismissed his case without prejudice.

{¶ 5} On January 5, 2004, Grady refiled his complaint, pro se, asserting the same claims as the previous complaint.

{¶ 6} On September 21, 2004, Grady produced the expert report of Harold Nemetz, D.D.S. On December 14, 2004, counsel for Dr. Kalinsky requested dates that Dr. Nemetz was available for deposition. Grady did not respond to counsel's request. On December 22, 2004, Dr. Kalinsky's counsel again requested to schedule Dr. Nemetz's deposition. Grady, again, did not respond to the request.

{¶ 7} Dr. Kalinsky's counsel, therefore, wrote directly to Dr. Nemetz requesting his availability to be deposed. In response, Grady wrote a letter to counsel stating: "I informed Dr. Nemetz that he is not to speak or have correspondence with you regarding and [sic] deposition or any direct contact with him at all." Grady also informed counsel that he would file a complaint with the Ohio Supreme Court if attempts were made to take Dr. Nemetz's deposition.

{¶ 8} On January 7, 2005, Dr. Kalinsky filed a motion for commission for the issuance of a subpoena duces tecum outside the state of Ohio to depose Dr. Nemetz, who resided in California. Grady responded by filing a motion to quash in which he argued that the deposition of Dr. Nemetz would require disclosure of

privileged or otherwise protected matter. The trial court denied Grady's motion to quash and granted Dr. Kalinsky's motion for the issuance of the subpoena duces tecum.

{¶ 9} Prior to issuing its notice of deposition and service of the subpoena deposition duces tecum, Dr. Kalinsky filed a motion in limine on January 18, 2005, to exclude Dr. Nemetz as an expert because of Grady's dilatory conduct in refusing to produce him for deposition and his attempts to prevent the deposition. The trial court conducted a pretrial conference and, thereafter, granted Dr. Kalinsky's motion in limine, stating:

> Final pre-trial held on 1–27–2005. Court informed that plaintiff pro se has failed to produce his expert witness for deposition. Pursuant to Civ.R. 37(B)(2) and Loc.R. 21.1(F), the court hereby precludes plaintiff from producing his expert witness based on his failure to produce his expert witness for deposition. Trial date continued, and defendants granted leave to file dispositive motion within 10 days of the FPT. Response due 30 days after service of dispositive motion.

{¶ 10} Several days later, Dr. Kalinsky filed his motion for summary judgment based on Grady's failure to produce an expert to establish his case. Thereafter, Grady retained counsel. His attorney filed a motion in opposition to the motion for summary judgment, arguing that the trial court erred by excluding Dr. Nemetz as an expert witness. At the same time, Grady's counsel also filed a motion for relief from the trial court's judgment granting the motion in limine.

{¶ 11} The trial court granted Dr. Kalinsky's motion for summary judgment and denied Grady's motion for relief from judgment, stating:

> Defendants' motion for summary judgment, filed 2–02–05, is granted. Based on the court order dated 1–28–05, which was based on plaintiff's dilatory conduct, plaintiff is precluded from producing expert testimony at trial and therefore his claim fails as a matter of law. Plaintiff's Civil Rule 60(B)(5) motion for relief of judgment, filed 3–04–05, is denied. The court finds that plaintiff has failed to satisfy the burden of Civ.R. 60(B). Factually, the court notes that plaintiff interfered with defendants' attempts to depose plaintiff's expert witness by: (1) filing a motion to quash defendant's motion for a commission for issuance of subpoena duces tecum outside Ohio, and (2) opposing defendant's motion to compel. Plaintiff's pro se status does not excuse his dilatory conduct in this regard.

{¶ 12} We will address Grady's assigned errors together because they all concern the trial court's exclusion of Dr. Nemetz as Grady's expert witness.[1]

---

1. We are aware that a trial court's ruling on a motion in limine is generally not a final order since it is a tentative or interlocutory ruling; however, in the context of a motion for summary

Grady contends that the trial court's sanction was inappropriate because he did not violate a court order.

{¶ 13} The rules of discovery afford the trial court great latitude in crafting sanctions to address discovery abuses. Thus, a reviewing court's responsibility is merely to review these rulings for an abuse of discretion. [2]

{¶ 14} Civ.R. 37 permits a court to make "just" orders in response to violations of the discovery rules or court orders.[3] Civ.R. 37(B) permits, as a sanction, the issuing of an order prohibiting the offending party from introducing designated matters into evidence. Although the decision to impose discovery sanctions is a matter within the sound discretion of the trial court, "[t]he exclusion of reliable and probative evidence is a severe sanction and should be invoked only when clearly necessary to enforce willful noncompliance or to prevent unfair surprise." [4]

{¶ 15} In the instant case, the basis for Dr. Kalinsky's motion in limine was Grady's failure to produce his expert witness for deposition. There is no dispute that Grady resisted Dr. Kalinsky's attempts to depose Dr. Nemetz. However, his resistance did not violate a court order or any discovery rule. "There is no rule requiring a party to produce an expert witness for deposition, nor is there any rule under which a party may be sanctioned for failing to produce a non-party witness for deposition." [5]

{¶ 16} In *Lowe*, as in the instant case, the trial court sanctioned the plaintiff by excluding his expert witness. We reversed the judgment of the trial court and noted that while professional courtesy and a mutual desire to accommodate experts might make it reasonable for parties to schedule depositions by agreement, the only means to compel an expert deposition is by subpoena.

{¶ 17} In the instant case, while Grady may have attempted to defeat the efforts made by Dr. Kalinsky to depose Dr. Nemetz, those efforts were essentially of no effect. Dr. Kalinsky could have filed a motion to compel the deposition of Dr. Nemetz or requested a subpoena. Pursuant to Civ.R. 37, before a party or his

---

judgment, there is no opportunity to again request the admission of the evidence at trial. Therefore, the ruling in this case is a final, appealable order.

2. *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1.

3. *Laubscher v. Branthoover* (1991), 68 Ohio App.3d 375, 381, 588 N.E.2d 290.

4. *Nickey v. Brown* (1982), 7 Ohio App.3d 32, 34, 7 OBR 34, 454 N.E.2d 177.

5. *Lowe v. Univ. Hosp. of Cleveland,* Cuyahoga App. No. 80341, 2002-Ohio-4084, 2002 WL 1823027.

counsel may be subject to the sanction of prohibiting his expert witness from testifying, such person or counsel must be in default of an "order" by the trial court.[6] In the instant case, no such motion to compel was filed or granted.

{¶ 18} Moreover, Dr. Kalinsky obtained the means by which he could have compelled Dr. Nemetz's deposition when the court granted his motion for issuance of a subpoena outside the state of Ohio. The record, however, is devoid of any evidence that Dr. Kalinsky was successful in obtaining a subpoena in California. A letter, dated January 27, 2005, from Dr. Kalinsky's counsel to Grady states that he was unable to serve the subpoena, but does not state the reason he was unsuccessful. Therefore, there is no evidence that the failure to successfully serve Dr. Nemetz with the subpoena was caused by Grady interfering with the process.

{¶ 19} In fact, the letter was filed two days after Dr. Kalinsky's counsel filed notice of the subpoena. It was written the same day the trial court had orally granted Dr. Kalinsky's motion in limine, which appears to be the reason any attempt at obtaining notice on Dr. Nemetz was abandoned. The letter states, "In accordance with the trial court's ruling today, which granted the defendants' motion in limine, no further attempts will be made to compel a deposition of Dr. Nemetz." Therefore, it appears that after the trial court granted the motion in limine, Dr. Kalinsky abandoned his efforts to subpoena Dr. Nemetz for deposition.

{¶ 20} Interestingly, Dr. Kalinsky filed his motion in limine prior to even attempting to serve Dr. Nemetz with his subpoena duces tecum. His motion in limine was filed on January 17, while his notice of service of the subpoena duces tecum was filed on January 25, 2005.

{¶ 21} Moreover, the court based its ruling on Loc.R. 21.1(F) and Civ.R. 37(B)(2). However, these provisions do not support the trial court's decision to exclude Dr. Nemetz as an expert witness. Loc.R. 21.1 governs the exchange of nonparty expert witness reports. Subpart (F) concerns the timing of discovery depositions. There is nothing in the rule requiring a party to produce an expert for deposition, absent a court order. As we stated above, Civ.R. 37(B)(2) provides for sanctions only when there is failure to comply with a court order. There was no order violated in the instant case.

{¶ 22} Dr. Kalinsky cites several cases in support of the trial court's decision. We conclude that these cases are distinguishable. *Anderson v. Nunnari*[7] is

---

6. *Inner City Wrecking Co. v. Bilsky* (1977), 51 Ohio App.2d 220, 5 O.O.3d 357, 367 N.E.2d 1214; *Sexton v. Sugar Creek Packing Co.* (1973), 38 Ohio App.2d 32, 67 O.O.2d 187, 311 N.E.2d 535.

7. (Nov. 16, 2000), Cuyahoga App. No. 77241, 2000 WL 1714986.

distinguishable because unlike the plaintiff in that case, Grady did not violate a court order.

{¶ 23} In *Earl Evans Chevrolet, Inc. v. Gen. Motors Corp.*,[8] the plaintiff violated Civ.R. 26(E)(1) by failing to supplement its response to interrogatories concerning who it expected to call as an expert at trial and the subject matter on which the expert was expected to testify. The instant case is distinguishable because Grady apprised Dr. Kalinsky of the identity of his expert and also provided him with the expert's report; therefore, Dr. Kalinsky was placed on notice regarding the identity of Grady's expert and the subject of his testimony.

■ {¶ 24} Similarly, the opinion of *Perkins v. ODOT*[9] is distinguishable because the plaintiff in that case did not notify the defendant of the identity of two expert witnesses until late in the proceedings, and the experts were not available for deposition until ten days prior to trial. In the instant case, trial was set for February 7, 2005. Grady provided Dr. Kalinsky with Dr. Nemetz's expert report on September 13, 2004, well before trial. Dr. Kalinsky did not commence his attempts to depose Dr. Nemetz until December 14, 2004. Dr. Kalinsky argues that Grady needed to proffer Dr. Nemetz's testimony into evidence in order to assert his claim on appeal. However, a proffer is unnecessary when the evidence is apparent from the record.[10] Here, Dr. Nemetz's expert report sets forth what he would have testified. Therefore, a proffer is unnecessary.

{¶ 25} Dr. Kalinsky also argues that the trial court's ruling did not prevent Grady from obtaining an opinion from a different expert in order to oppose the motion for summary judgment. We disagree. The trial court had previously extended the time for Grady to submit an expert report to September 30, 2004, and explicitly stated, "No further extensions will be granted." Therefore, the trial court's granting Dr. Kalinsky's motion in limine prevented Grady from being able to oppose Dr. Kalinsky's motion for summary judgment. Accordingly, Grady's assigned errors have merit and are sustained.

{¶ 26} The judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Judgment accordingly.

DYKE and SWEENEY, JJ., concur.

---

8.   (May 28, 1991), 74 Ohio App.3d 266, 598 N.E.2d 1187.

9.   (1989), 65 Ohio App.3d 487, 584 N.E.2d 794.

10.   See Evid.R. 103(A); *Birath v. Birath* (1988), 53 Ohio App.3d 31, 558 N.E.2d 63.

James D. Sweeney, J., retired, of the Eighth Appellate District, sitting by assignment.