OPINION *Page 3 
{¶ 1} Defendant-appellant Allstate Insurance Co. appeals various judgment entries of the Tuscarawas County Court of Common Pleas in favor of Appellee Paul Kleyman and Travelers Insurance Company.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 18, 2004, Appellee Paul Kleyman and Jarvis E. Furbay were involved in an automobile accident. At the time of the accident, Furbay was an employee of Texas Roadhouse Restaurant, and was driving his own vehicle to pick up a co-worker at the request of his supervisor. It is undisputed by the parties Furbay was acting within the course and scope of his employment at the time of the accident.
 {¶ 3} On the date of the accident, Texas Roadhouse, LLC, carried a commercial automobile insurance policy with Travelers Insurance Company, Policy No. TJ-CAP-488D5422-TIL-03. Section II-Liability Coverage of the policy reads:
 {¶ 4} "Throughout this policy the words "you" and "your" refer to the named insured [Texas Roadhouse Holdings LLC] shown in the declarations.
 {¶ 5} * * *
 {¶ 6} "A. COVERAGE
 {¶ 7} "We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."
 {¶ 8} * * *
 {¶ 9} "1. WHO IS AN INSURED
 {¶ 10} "The following are "insureds." *Page 4 
 {¶ 11} a. You, for any covered "auto."
 {¶ 12} b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
 {¶ 13} (1) The owner or anyone else from whom you hire or borrow a covered "auto"...
 {¶ 14} (2) Your employee if the covered "auto" is owned by that employee or a member of his or her household.
 {¶ 15} * * *
 {¶ 16} (3) A partner of yours for a covered "auto" owned by him or her or a member of his or her household."
 {¶ 17} The policy defines a "covered auto" as:
 {¶ 18} "SECTION I — COVERED AUTOS
 {¶ 19} "ITEM TWO of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos." The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos."
 {¶ 20} "A. DESCRIPTION OF COVERED AUTO DESIGNATION SYMBOLS
 {¶ 21} "SYMBOL DESCRIPTION
 {¶ 22} "1= ANY "AUTO."
 {¶ 23} "2= OWNED "AUTOS" Only those "auto's" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own.) This includes those "autos" you acquire ownership of after the policy begins." *Page 5 
 {¶ 24} The declarations page for the Business Auto Coverage uses symbol "1" under the liability coverage section.
 {¶ 25} On June 14, 2006, Appellee Paul Kleyman filed the complaint in this matter for bodily injuries allegedly sustained in the traffic accident as a result of the negligence of Furbay. Appellant Allstate Insurance insures Kleyman under a policy of underinsured motorist coverage, and was named in the action. Allstate filed a cross-claim against Furbay.
 {¶ 26} On September 21, 2006, the trial court issued a pretrial scheduling order. Therein, the court set the case for trial on September 18, 2007, with a discovery cut-off date of March 14, 2007.
 {¶ 27} Appellant Allstate obtained leave to file a third-party complaint for declaratory judgment against Travelers Insurance Company on June 18, 2007, arguing coverage under the Travelers policy would possibly eliminate Allstate's obligation to pay underinsured motorist coverage on the claim.
 {¶ 28} On February 21, 2008, Appellant Allstate filed a notice of videotape deposition of Dennis A. Glazer, M.D., as a medical expert for Allstate on the issues developed in the case. Allstate had identified Dr. Glazer as an expert earlier on September 14, 2007. Kleyman filed a motion in limine seeking to exclude the introduction of Dr. Glazer's testimony at trial as Allstate had not timely identified Dr. Glazer as an expert witness pursuant to the trial court's prior order. Via Judgment Entry of November 29, 2007, the trial court granted the motion in limine.
 {¶ 29} Kleyman then filed a motion for protective order to preclude Appellant Allstate from proceeding with the scheduled videotape deposition of Dr. Glazer. Allstate *Page 6 
opposed the motion arguing it intended to proceed with the deposition in order to proffer the testimony on the record. The trial court granted the protection order on April 24, 2008.
 {¶ 30} Via judgment entries of April 17, 2008 and April 24, 2008, the trial court granted summary judgment in favor of Appellee Kleyman on the issue of underinsured motorist coverage, and in favor of Appellee Travelers Insurance Company finding Travelers was not obligated to provide coverage in the case sub judice.
 {¶ 31} Appellant Allstate now appeals, assigning as error:
 {¶ 32} "I. THE TRIAL COURT ERRED IN GRANTING THE MOTION IN LIMINE TO EXCLUDE THE TRIAL TESTIMONY OF APPELLANT'S EXPERT WITNESS, AND IN REFUSING TO RECONSIDER SUCH RULING FOLLOWING THE CONTINUANCE OF TRIAL, TO APPELLANT'S PREJUDICE.
 {¶ 33} "II. THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR PROTECTIVE ORDER PRECLUDING THE DEPOSITION OF APPELLANT'S EXPERT WITNESS, TO APPELLANT'S PREJUDICE.
 {¶ 34} "III. THE TRIAL COURT ERRED IN GRANTING A DECLARATORY JUDGMENT FINDING AND DETERMINING THAT JARVIS FURBAY WAS NOT ENTITLED TO LIABILITY INSURANCE COVERAGE UNDER THE TERMS OF THE COMMERCIAL POLICY ISSUED TO HIS EMPLOYER BY TRAVELER'S INSURANCE COMPANY." *Page 7 
 I. {¶ 35} In the first assignment of error, Allstate contends the trial court erred in granting the motion in limine excluding the deposition testimony of Dr. Glazer despite the continuance of the trial date.
 {¶ 36} Allstate maintains Dr. Glazer was retained to conduct a record review of the claims, and a copy of his report was provided to Appellee's counsel upon receipt. Therefore, there is no potential for unfair surprise, and Appellee had a reasonable opportunity to respond to Dr. Glazer's opinion. Further, the trial court continued the trial date on the date set for trial; thereby rendering the court's prior scheduling order insignificant.
 {¶ 37} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. Failure to meet deadlines set forth in the local rules of the trial court requiring identification of expert witnesses falls within "willful noncompliance", and the trial court has discretion to enforce its order by excluding witnesses despite a subsequent postponement of the trial date. Cowles v. Detamore, D.O. (April 20, 1992), Stark App. No. CA-8671.
 {¶ 38} Upon review of the record Appellee Kleyman identified his expert, Dr. Teater, on September 13, 2006. On September 14, 2007, Allstate identified Dr. Glazer, with an attached report dated one-week prior as September 7, 2007. At the time, the identification was within 4 days of the trial date. Also on September 14, 2007, the trial *Page 8 
court issued an order continuing the September 18, 2007 trial due to a conflict with a criminal matter. The trial court's continuation of the trial date or any subsequent agreement between the parties does not negate the trial court's prior orders. Accordingly, the trial court did not abuse its discretion in granting the motion in limine.[1]
 {¶ 39} The first assignment of error is overruled.
 II. {¶ 40} In the second assignment of error, Appellant asserts the trial court erred in granting the motion for protective order precluding the deposition testimony of Dr. Glazer.
 {¶ 41} Based upon our analysis and disposition of Appellant's first assignment of error, the second assigned error is rendered moot.
 III. {¶ 42} In the third assignment of error, Appellant argues the trial court erred in granting declaratory judgment in favor of Travelers Insurance Company finding Furbay was not entitled to liability insurance coverage under the terms of the commercial policy issued to his employer. Again, for purposes of summary judgment, it is undisputed Furbay was acting within the course and scope of his employment at the time of the accident.
 {¶ 43} Initially, we note an insurance policy is a contract and the relationship between the insurer and the insured is purely contractual in nature. Nationwide Mut. Ins. Co. v. March (1984), 15 Ohio St.3d 107. Thus, when interpreting the language of an insurance policy, we must give a reasonable construction in conformity with the *Page 9 
intentions of the parties as we would any other contract. Dealers DairyProducts Co. v. Royal Ins. Co. (1960), 170 Ohio St. 336.
 {¶ 44} Where the policy is clear and unambiguous within its four corners, courts may not alter the provisions of the policy. SeeProgressive Specialty Ins. Co. v. Easton (1990), 66 Ohio App.3d 177. "However, it is well-settled that where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 209, 211, citing Faruque v. Provident Life Acc. Ins. Co. (1987),31 Ohio St.3d 34, syllabus and other cases.
 {¶ 45} Appellant argues the word "you" set forth in the policy referring to the Named Insured and used to define who is an insured under the Traveler's commercial auto liability policy is ambiguous; therefore, Furbay qualifies as an "insured" as an employee of the named insured acting within the course and scope of his employment pursuant to the Ohio Supreme Court opinion in Westfield Ins. Co. v. Galatis,2003-Ohio-5849, 100 Ohio St.3d 126, limiting the Court's prior holding in Scott-Pontzer v. Liberty Mutual Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292.
 {¶ 46} The Supreme Court's syllabus in Galatis reads:
 {¶ 47} "2. Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured orunderinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (King v. Nationwide Ins. Co. [1988], 35 Ohio St.3d 208,519 N.E.2d 1380, applied; Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
[1999], 85 Ohio St.3d 660, 710 N.E.2d 1116, limited.)" (Emphasis added.) *Page 10 
 {¶ 48} Appellees cite the Supreme Court's application of King v.Nationwide (1988), 35 Ohio St.3d 208. The Court in King addressed an employer's motor vehicle liability policy defining "YOU" as the "policyholder first named" — an employer who was a separate legal entity. The Court concluded neither the employees as a whole nor the employer's group of designated drivers could be interpreted as the entity to which the word "YOU" referred in the policy, as the employer legal entity could be held liable for damages under the commercial auto liability policy.
 {¶ 49} The Ohio Supreme Court's holding in Galatis, supra, specifically addressed a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage, not a commercial liability policy. The Court stated in Galatis, supra,
 {¶ 50} "The general intent of a motor vehicle insurance policy issued to a corporation is to insure the corporation as a legal entity against liability arising from the use of motor vehicles. King v. NationwideIns. Co., 35 Ohio St.3d at 211, 519 N.E.2d 1380. It is settled law in Ohio that a motor vehicle operated by an employee of a corporation in the course and scope of employment is operated by and for the corporation and that an employee, under such circumstances, might reasonably be entitled to uninsured motorist coverage under a motor vehicle insurance policy issued to his employer. Id. at 213,519 N.E.2d 1380. See, also, Selander v. Erie Ins. Group (1999), 85 Ohio St.3d 541,709 N.E.2d 1161. However, an employee's activities outside the scope of employment are not of any direct consequence to the employer as a legal entity. An employer does not risk legal or financial liability from an employee's operation of a non-business-owned motor vehicle outside the scope of employment. *Page 11 
Consequently, uninsured motorist coverage for an employee outside the scope of employment is extraneous to the general intent of a commercial auto policy.
 {¶ 51} * * *
 {¶ 52} "In Scott-Pontzer, this court reasoned that "naming the corporation as the insured is meaningless unless the coverage extends to some person or persons-including to the corporation's employees."85 Ohio St.3d at 664, 710 N.E.2d 1116. However, this statement does not support the untenable extension of insured status to employees outside the scope of employment."
 {¶ 53} Here, designating Texas Roadhouse, LLC as the named insured is not meaningless under the terms of the commercial auto liability policy because the LLC legal entity can be held liable for damages; therefore, the term "you" as used in the liability policy is not ambiguous.Pitsenbarger v. Foos 2003-Ohio-6534. While Furbay's vehicle may have been a "covered auto" under the policy, Furbay himself did not meet the definition of a named insured. Furbay operated an "auto" he owned; therefore, he is not an insured under Section A(1)(b)(2) of the policy. While Texas Roadhouse, LLC as Furbay's employer may be vicariously liable, the Travelers policy at issue does not provide Furbay coverage as a named insured.[2]
 {¶ 54} The third assignment of error is overruled. *Page 12 
 {¶ 55} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
 Hoffman, P.J., Wise, J. and Edwards, J. concur. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to Appellant Allstate Insurance Company.
[1] This is not to say the trial court would have necessarily abused its discretion had it denied Appellee's motion in limine.
[2] Had Texas Roadhouse, LLC been named a party-defendant, it would appear it would be covered under Section A(1)(a) of the policy. *Page 1