[Cite as *Smith v. Smith*, 2013-Ohio-3551.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| BETTINA M. SMITH | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Petitioner-Appellant | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2012-0060 |
| KEVIN L. SMITH | : |  |
|  | : |  |
| Respondent-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING: Civil appeal from the Muskingum County
Court of Common Pleas, Domestic
Relations Division, Case No. DH2012-0571

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: August 15, 2013

APPEARANCES:

For Petitioner-Appellant          For Respondent-Appellee

SANJAY BHATT                    ROSE FOX
2935 Kenny Road               Rose Law Offices
Suite 225                         233 Main Street
Columbus, OH 43221           Zanesville, OH 43701

*Gwin, P.J.*

**{¶1}** Appellant appeals the November 13, 2012 judgment entry of the Muskingum County Court of Common Pleas, Domestic Relations Division, dismissing the matter and dissolving the temporary protection order issued by the Court of Common Pleas of Venango County, Pennsylvania.

*Facts & Procedural History*

**{¶2}** Petitioner-appellant Bettina Smith and Respondent-appellee Kevin Smith were married in 1999 and are the parents of minor child K.S. Appellant resides in Pennsylvania with K.S. Appellee filed a complaint for divorce against appellant in Muskingum County Domestic Relations Court. A trial on the complaint for divorce was held on March 7, 2012. Prior to the issuance of a decision by the Muskingum County Domestic Relations Court on the divorce, appellant filed a petition for protection from abuse on April 4, 2012, in Venango County, Pennsylvania, alleging appellee physically abused K.S. during a visitation in Ohio. The court in Pennsylvania issued a temporary order granting appellant's petition for protection.

**{¶3}** Prior to the full hearing on the petition for protection, the petition was transferred to Muskingum County Domestic Relations Court. The judgment entry transferring the temporary protection order to Muskingum County stated the temporary protection order remained in effect for thirty (30) days. On May 18, 2012, appellant filed a motion to register the Pennsylvania order as a child custody determination in the divorce action. On July 10, 2012, the Muskingum County trial court registered the petition as a petition for domestic violence civil protection order and registered the Pennsylvania order as a foreign judgment. The trial court assigned the petition for

domestic violence civil protection order a separate case number from the divorce action. The trial court's July 10th order stated if appellee sought to contest the validity of the registered foreign judgment determination, it must be requested within thirty (30) days after service of the notice.

**{¶4}** Also on July 10th, the trial court issued a decision and judgment entry in the divorce case. The trial court awarded custody of K.S. to appellant, granted parenting time to appellee, and ordered that the parenting time of appellee not commence until the petition for domestic violence civil protection order was addressed. On August 21, 2012, appellee filed a motion indicating he did not dispute the validity of the registration of the foreign judgment temporary protection order, but requested a full hearing on the petition pursuant to R.C. 3113.31 since a full hearing had not been held in Pennsylvania. On September 17, 2012, the trial court issued an entry scheduling a full hearing on the petition for domestic violence civil protection order for October 2, 2012, and issuing deadlines. The scheduling entry required the parties to file a written witness list with the court and file a formal pretrial statement identifying which issues were settled and which issues remained contested by September 24, 2012. The scheduling entry signed by the trial court judge stated that "failure to timely comply with this order shall result in the imposition of appropriate sanctions, including the imposition of monetary sanctions, exclusion of evidence, or dismissal of the action."

**{¶5}** On September 24, 2012, appellee filed a motion to continue the hearing and also sought to continue the witness list and pretrial statement deadlines. The trial court granted appellee's motion to continue on September 27, 2012 and re-set the full hearing for November 13, 2012, but did not rule on the request to continue the witness

list and pretrial statement deadlines. Appellee filed his witness list and pretrial statement on October 26, 2012. Appellant did not file a witness list or pretrial statement. Appellant notified the trial court she intended to seek a continuance of the full hearing and, on November 13, 2012, appellant requested a continuance of the hearing, stating she was ill. On November 13, 2012, the trial court issued an entry dismissing the matter, stating neither party complied with the pretrial order, as appellant had not filed a witness list or pretrial statement and appellee filed his after the dates established in the pretrial order. The trial court dismissed the case regarding the petition for domestic violence civil protection and dissolved the temporary protection order.

{¶6}   Appellant raises the following assignment of error on appeal:

{¶7}   "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN DISMISSING PETITIONER-APPELLANT'S PETITION."

{¶8}   Appellant contends the trial court abused its discretion in dismissing the case. We disagree.

{¶9}   Civil Rule 41(B)(1) provides as follows:

(B) Involuntary dismissal; effect thereof

(1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

{¶10} Our standard of reviewing a trial court's decision to dismiss a complaint for failure to comply with a court order is the abuse of discretion standard. *Jones v.*

*Hartranft*, 78 Ohio St.3d 368, 371, 678 N.E.2d 530 (1997). Abuse of discretion implies a court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). In applying the abuse of discretion standard we may not substitute our judgment for that of the trial court. *Pons v. Ohio State Medical Board*, 66 Ohio St.3d 619, 621, 641 N.E.2d 748 (1993).

{¶11} In *Quonset Hut v. Ford Motor Company*, 80 Ohio St.3d 46, 684 N.E.2d 319 (1997), the Ohio Supreme Court explained that for purposes of Civ.R. 41(B)(1), notice is present of an impending dismissal, with prejudice, when the appellant, or counsel, has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal.

{¶12} Subsequently in *Sazima v. Chalko*, 86 Ohio St.3d 151, 712 N.E.2d 729 (1999), the Ohio Supreme Court held that for purposes of Civ.R. 41(B)(1), counsel had notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend. The notice need not be actual, but may be implied if reasonable under the circumstances. *Id.* In *Sazima*, the Ohio Supreme Court found the trial court abused its discretion in dismissing the matter for failure to comply because the plaintiff had complied within a few days of the actual notice of the order. *Id.*

{¶13} In this case, the record indicates appellant received proper notice of the possibility of the dismissal and had a reasonable opportunity to defend against the dismissal. The September 17th entry clearly and unambiguously stated that "failure to comply with this order shall result in the imposition of appropriate sanctions, including the imposition of monetary sanctions, exclusion of evidence, or dismissal of the action."

There is no evidence that appellant or her counsel was not served with this entry and thus appellant was notified pursuant to Civ.R. 41(B) that dismissal of the action was a possibility. The entry issued by the trial court on September 27th continuing the full hearing did not contain any extension of the previously-issued deadlines. Appellant was directed to supply her written witness list and pretrial statement to the trial court on September 24, 2012, but, as of November 13, 2012, still had not submitted her witness list or pretrial statement. Unlike the plaintiff in *Sazima*, appellant did not comply with the order within a few days of actual notice of the order. Appellant had this length of time to take action to prevent dismissal of the action, but failed to do so.

**{¶14}** Appellant finally argues the case should not have been dismissed because of the allegations in the petition with regard to appellee's visitation with K.S. While the trial court dismissed the case containing the petition for protection, the trial court did not dismiss the separately-numbered divorce case and thus any continuing issues with regard to visitation can be addressed by the trial court in the divorce proceeding.

**{¶15}** We find the trial court did not abuse its discretion in dismissing the matter pursuant to Civ.R. 41(B). Appellant's assignment of error is overruled.

**{¶16}** For the foregoing reasons, the judgment of the Muskingum County Court of Common Pleas, Domestic Relations Division, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Baldwin, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER


_____
HON. CRAIG R. BALDWIN

[Cite as *Smith v. Smith*, 2013-Ohio-3551.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BETTINA M. SMITH | : | |
| | : | |
| Petitioner-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KEVIN L. SMITH | : | |
| | : | |
| | : | |
| Respondent-Appellee | : | CASE NO. CT2012-0060 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER


_____
HON. CRAIG R. BALDWIN