[Cite as *State v. Wood*, 2023-Ohio-2045.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2022CA00144 |
| CHRISTOPHER WOOD | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:      Appeal from the Stark County Court of Common Pleas, Case No. 2022-CR-0246

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      June 21, 2023

APPEARANCES:

For Plaintiff-Appellee

KYLE L. STONE
Prosecuting Attorney
Stark County, Ohio

CHRISTOPHER A. PIEKARSKI
Assistant Prosecuting Attorney
Appellate Division
110 Central Plaza, South
Suite #510
Canton, Ohio 44702-1413

For Defendant-Appellant

D. COLEMAN BOND
116 Cleveland Avenue, N.W.
Suite #600
Canton, Ohio 44702

*Hoffman, J.*

**{¶1}** Defendant-appellant Christopher Wood appeals the judgment entered by the Stark County Common Pleas Court convicting him following his pleas of no contest to rape (R.C. 2907.02(A)(1)(b)(B)) and gross sexual imposition (R.C. 2907.05(A)(4)), and sentencing him to an aggregate term of ten years to life in prison. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** In early 2022, Massillon police were investigating allegations Appellant had engaged in sexual activity with his niece when she was seven or eight years old. One of the allegations involved Appellant engaging in anal intercourse with her when they were sleeping next to each other on the floor of her grandmother's house. A second allegation involved Appellant touching the child's vaginal area and digitally penetrating her with his fingers.

**{¶3}** On January 21, 2022, Appellant voluntarily came to the Massillon Police Department for an interview with Detective David McConnell. Prior to speaking with Appellant, Det. McConnell informed Appellant he was free to leave at any time. The detective told Appellant the door to the room was closed, but unlocked.

**{¶4}** The interview lasted approximately thirty minutes. Det. McConnell noted no signs Appellant might be intoxicated during the interview. Although the detective did not specifically ask about drug or alcohol use, Appellant explained during the interview he had used drugs in the past, specifically during the time the incidents occurred with his niece, but had "gotten clean" since that time. Appellant made incriminating statements to Detective McConnell concerning the allegations of sexual abuse of his niece.

{¶5} Appellant was indicted by the Stark County Grand Jury with two counts of rape in violation of R.C. 2907.02(A)(1)(b)(B). Appellant moved to suppress the statements he made to Det. McConnell on the basis the statements were involuntary because he used drugs on the day of the interview.

{¶6} The trial court held an evidentiary hearing on the motion to suppress. The parties submitted a video recording of the interview to the trial court for review. Det. McConnell testified he observed no signs of intoxication in Appellant during the interview. Appellant testified he used opiates on a daily basis for four to five years. He testified on the morning of the interview, he had crushed Vicodin pills and snorted them. Appellant testified he was not coherent during the interview. Appellant testified "in his mind" he saw the detective leaning forward and pointing a finger at him, and Appellant testified he felt threatened. Supp. Tr. 33-34. However, Appellant admitted the video did not support this testimony concerning the detective's conduct during the interview. Appellant testified his drug use caused him to be overemotional during the interview, and rendered him unable to hear or understand the questions. He testified he could not focus, as evidenced by the fact he kept his head down during the interview.

{¶7} Appellant sought to call his brother to the stand, who had watched the video at Appellant's attorney's office, and in counsel's understanding would testify as to whether or not Appellant was intoxicated by drug use during the interview. The trial court did not allow Appellant to call his brother to testify.

{¶8} Following the hearing, the trial court found Appellant was not intoxicated by drug use during the interview, and overruled the motion to suppress. The State amended one charge of rape to gross sexual imposition. As to the second charge of rape, the State

amended the charge to remove the special finding the victim was under the age of ten, while maintaining the statutory language the victim was under the age of thirteen. Appellant pled no contest to the charges as amended, and was convicted. The trial court sentenced Appellant to ten years to life incarceration for rape and to five years incarceration for gross sexual imposition, to be served concurrently. It is from the October 12, 2022 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS.

II. THE TRIAL COURT ABUSED ITS DISCRETION BY EXCLUDING THE TESTIMONY OF DAVID BATTLES DURING THE SUPPRESSION HEARING.

I.

**{¶9}** In his first assignment of error, Appellant argues the trial court erred in denying his motion to suppress because (a) *Miranda* warnings were not given, and (b) his statement was not voluntary because he was under the influence of drugs at the time of the interview.

**{¶10}** Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 154-155, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. *See State v. Dunlap*, 73 Ohio St.3d 308,314, 1995-Ohio-243, 652 N.E.2d 988;

*State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *See Burnside, supra; Dunlap, supra; State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1(4th Dist. 1998); *State v. Medcalf,* 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist. 1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. *See Burnside, supra, citing State v. McNamara,* 124 Ohio App.3d 706, 707 N.E.2d 539(4th Dist. 1997); *See, generally, United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740(2002); *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911(1996). That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review.  *Ornelas, supra.* Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas, supra* at 698, 116 S.Ct. at 1663.

**{¶11}** Appellant first argues the trial court erred in finding *Miranda* warnings were not required.  Appellant's motion to suppress did not raise this issue, nor did he argue at the suppression hearing *Miranda* warnings were required.   Throughout the suppression hearing, Appellant argued only that his statement was involuntary because it was made while he was under the influence of drugs.

**{¶12}** A criminal defendant is required to raise a *Miranda* violation in a pretrial motion to suppress or the issue is waived.  *State v. Montalvo*, 5th Dist. Knox No. 17 CA 000019, 2018-Ohio-3142, ¶37, *citing State v. Moody*, 55 Ohio St.2d 64, 66 (1978).  The issue of whether a confession is voluntary and whether a suspect has been subject to custodial interrogation so as to require *Miranda* warnings are analytically separate issues.

*See., e.g. State v. Fowler*, 5th Dist. Tuscarawas No. 2016AP040024, 2016-Ohio-5940, ¶29.

**{¶13}** Crim. R. 47 requires all written motions to "state with particularity the grounds upon which it is made." "By requiring the defendant to state with particularity the legal and factual issues to be resolved, the prosecutor and court are placed on notice of those issues to be heard and decided by the court and, by omission, those issues which are otherwise being waived." *State v. Shindler*, 70 Ohio St.3d 54, 58, 636 N.E.2d 319, 322 (1994).

**{¶14}** The trial court sua sponte found *Miranda* warnings were not required because Appellant was not subjected to a custodial interrogation However, because Appellant failed to raise the issue in the trial court, the State was not placed on notice the failure to give Appellant *Miranda* warnings was an issue at the suppression hearing, and accordingly the State was not required to bring forth evidence demonstrating the interview was noncustodial in nature and *Miranda* warnings were not required. Despite the trial court's consideration of the issue, we find Appellant has waived any claim of a *Miranda* violation by his failure to raise the issue in the trial court.

**{¶15}** Appellant next argues the trial court erred in finding his statement was voluntary, maintaining he was under the influence of drugs at the time of the interview. With respect to this issue, the trial court found:

> The Court finds the majority of the defendant's testimony to be self-serving and of little merit. Additionally, the Court has had the opportunity to view the defendant's behavior on the recorded video and to compare it to

the defendant's behavior and testimony during the hearing. Based upon such observations, the Court finds that the defendant's mannerisms, speech, comprehension, and expression during the hearing were the same as those present during his interview. As such, the Court finds that the defendant was not under the influence of drugs or otherwise impaired at the time of the interview with Detective McConnell.

**{¶16}** Judgment Entry, July 25, 2022.

**{¶17}** In a footnote, the trial court noted at the time of the hearing, Appellant had been in jail for nearly ninety days, and no evidence was presented he abused drugs prior to his testimony at the suppression hearing.

**{¶18}** The trial court was in a unique position to compare Appellant's demeanor and behavior during his testimony at the suppression hearing with the video of the statement given to Det. McConnell, and is in a better position than this court to determine the credibility of witnesses. *See Fanning, supra* (weight of the evidence and credibility of witnesses are primarily for the trier of fact at suppression hearing). This Court has reviewed the video, and throughout the interview, Appellant answered the detective's questions clearly and appropriately, was able to recount information upon request, and engaged in conversation with the detective while displaying no visible signs of intoxication from drug use. Det. McConnell testified he had interacted with people under the influence of drugs and alcohol in his work as a police officer, and Appellant did not appear intoxicated. Further, during the interview Appellant admitted to past drug use, but told the

detective he had stopped using drugs.  We find the trial court did not err in finding Appellant's statement was voluntary and overruling the motion to suppress.

**{¶19}** The first assignment of error is overruled.

II.

**{¶20}** In his second assignment of error, Appellant argues the trial court erred in preventing his brother from testifying at the suppression hearing.

**{¶21}** Evid. R. 103(A)(2) states:

**(A) Effect of Erroneous Ruling**. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected; and

(2) *Offer of Proof*. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked. Offer of proof is not necessary if evidence is excluded during cross-examination.

**{¶22}** Absent a proffer, a reviewing court has no way of determining if the excluded evidence prejudiced the appellant, and if no proffer is made, the party seeking to introduce the evidence in question waives the error on appeal. *Dieble v. Auto Owner's Ins. Co.*, 5th Dist. Stark No. 2006CA00211, 2007-Ohio-3429, ¶ 32.  "While the proffer of the expected testimony need not be as specific as the testimony itself would have been it must nonetheless be sufficient to enable the reviewing court to determine roughly what,

if any, impact the testimony may have had upon the final disposition of the case." *Moser v. Moser*, 72 Ohio App.3d 575, 580, 595 N.E.2d 518, 522 (3rd Dist. Allen 1991).

**{¶23}** Counsel for Appellant made the following statement to the trial court concerning the testimony of Appellant's brother:

MR. KOUKOUTAS: Your Honor, Mr. Wood wanted me to call his brother David Battles to the stand to testify. Mr. Battles did come to the office, he did review the video with me and it's my understanding he'll be able to tell us, given his experience and knowing his brother, whether he was high or not during the interview.

**{¶24}** Supp. Tr. 39.

**{¶25}** We find counsel's statement was not a sufficient proffer of Appellant's brother's testimony to preserve the issue for our review. From this statement, we are unable to determine what impact the testimony might have had on the trial court's disposition of the motion to suppress. It is not clear from this statement whether Mr. Battles would testify in a matter favorably or unfavorably to Appellant. Appellant argues in his brief because Battles resided with Appellant, it is very likely he encountered Appellant on the day of the interview and is familiar with Appellant's behavior when he is under the influence of drugs. However, this is speculation and is not a part of the record before this Court on appeal. We find Appellant has waived any error in the trial court's exclusion of his brother's testimony by failing to make a sufficient proffer of the testimony.

{¶26} The second assignment of error is overruled.  The judgment of the Stark County Common Pleas Court is affirmed.


By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur