[Cite as *Cambridge Mgt. of SEO, L.L.C. v. Babar Invest., Inc.*, 2025-Ohio-4441.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CAMBRIDGE MANAGEMENT OF SEO, LLC, | Case No. CT2025-0030 |
| Plaintiff - Appellant | Opinion & Judgment Entry |
| -vs- | Appeal from the Court of Common Pleas of Muskingum County, Case No. CH2024-0009 |
| BABAR INVESTMENT, INC., et al., | Judgment: Reversed and Remanded |
| Defendants - Appellees | Date of Judgment: September 23, 2025 |

BEFORE: Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

APPEARANCES: Aarica D. Eby & Lane A. Dailey, for Plaintiff-Appellant; Damion M. Clifford & Jonathan P. Corwin, for Defendants-Appellees.

*Gormley, J.*

{¶1}   Cambridge Management of SEO, LLC appeals the judgment of the Court of Common Pleas of Muskingum County prohibiting Cambridge from calling any witnesses at trial after Cambridge failed to include a witness list in its trial brief.  Because the trial court did not act in accordance with its own pretrial orders, we reverse and remand for further trial-court proceedings.

**The Key Facts**

{¶2}   Babar Investment, Inc. and Muhammad Babar Chaudhry own a Holiday Inn Express & Suites in Zanesville, Ohio.  Next to the Holiday Inn is an undeveloped parcel of real property owned by Cambridge.  When Babar and Chaudhry allegedly placed on Cambridge's property some storage containers without Cambridge's permission, Cambridge sued, alleging trespass.

{¶3} In June 2024, the trial court issued its first pretrial order, and that order set some discovery deadlines and listed the dates for a pretrial hearing and a trial.

{¶4} The trial court issued its next pretrial order in September 2024. That order provided more details about the court's expectations, and it directed counsel for all parties to file "a list identifying all witnesses . . . to be called at trial with a brief statement of the purpose of their testimony." Those witness lists were, according to the order, to be served on opposing counsel at least 15 days before the trial date.

{¶5} That September order admonished the attorneys that '[n]o party shall be permitted to call any witness, except rebuttal witnesses, whose name was not included on the witness list . . . unless the identity of the witness was otherwise known to the opposing party." The entry also provided that the court may "in its discretion allow either party to call any witness whose name is not included on a witness list, when doing so will serve the interest of justice." The final sentence of the entry, in bold print, provided that "[f]ailure to comply with this order shall result in the imposition of appropriate sanctions including, but not limited to, the exclusion of testimony or exhibits from evidence or the dismissal of the non-compliant party's claim or counterclaim."

{¶6} Cambridge filed a combined motion for summary judgment and trial brief on September 24, 2024. Nowhere within that document did Cambridge provide a witness list.

{¶7} Babar and Chaudhry filed a trial brief a day later listing various potential witnesses including Muhammad Babar Chaudhry, James Koehler, and Richard Robinson. All three of those persons were deposed by the parties before the trial court's

discovery cut-off date, and transcripts of all three depositions were filed by one party or another in the days before the starting date of the trial.

{¶8} The parties appeared at the courthouse on February 14, 2025 for the first day of what was to be a bench trial. The parties then narrowed the issue for trial to the amount of damages that the defendants might owe on Cambridge's trespass claim.

{¶9} Before hearing any testimony, the trial court addressed some pending motions in limine regarding the scope of the testimony of two of Cambridge's possible witnesses. Cambridge then called its first witness — James Koehler — and Babar and Chaudhry objected, citing the fact that Cambridge had not filed a witness list. The trial court granted what it termed a "motion" on behalf of Babar and Chaudhry. When Cambridge then called Muhammad Chaudhry as a witness, the defendants raised the same objection. The trial court again granted the "motion" and stated to Cambridge, "I don't know how you can call anybody" due to Cambridge's failure to file a witness list. Although Cambridge tried to explain to the trial judge that defendants Babar and Chaudhry had knowledge of the witnesses and that all of the proposed witnesses had been deposed, the judge was unmoved.

{¶10} Babar and Chaudhry then asked for a directed verdict, citing Cambridge's failure to establish any damages at trial. The trial court granted Babar and Chaudhry's motion for directed verdict and dismissed Cambridge's complaint with prejudice. The trial court also denied Cambridge's motion for reconsideration.

{¶11} Cambridge now appeals the trial court's judgment.

**Cambridge, Despite Failing to Proffer the Proposed Testimony of Its Witnesses, Did Not Waive Its Right to Appeal**

{¶12} Babar and Chaudhry contend that Cambridge waived its right to appeal the order barring it from presenting any witnesses at trial because Cambridge failed to proffer the excluded evidence at trial.

{¶13} Evid.R. 103 provides that a party may not claim that a ruling on the admission or exclusion of evidence was error unless "a substantial right of the party [wa]s affected" and, when the trial court excludes evidence, "the substance of the evidence" must have been "made known to the court by offer" or must be "apparent from the context within which questions were asked."

{¶14} That proffer requirement does not apply, though, when the trial court's exclusion of evidence rests not on the Rules of Evidence but instead on the proponent's alleged violation of a discovery obligation or a pretrial order. *See, e.g.*, *Grady v. Charles Kalinsky, D.D.S., Inc.*, 2005-Ohio-5550, ¶ 24 (8th Dist.) (holding that where the trial court had barred a party from presenting the testimony of an expert witness due to that party's alleged discovery violation, no proffer was needed); *Hardy v. Newbold*, 2003-Ohio-3995, ¶ 11 (4th Dist.) (where evidence was barred because of "discovery violations, not evidentiary reasons," the proponent was not required to "proffer the evidence at trial to preserve the issue for appeal); *Cheek v. Granger Trucking*, 2001 WL 1398454, *5-6 (8th Dist. Nov. 1, 2001) (where the trial court "excluded witnesses for discovery violations rather than on evidentiary grounds," there was "no need to proffer the excluded testimony").

**{¶15}** Because the trial court excluded Cambridge's witnesses as a sanction for failing to file a witness list, Cambridge had no obligation to make a proffer of its proposed evidence before appealing.

**{¶16}** Even if we were to determine that a proffer of the evidence was necessary, this court has held that the proffer "'need not be as specific as the testimony itself'" and need only "'be sufficient to enable the reviewing court to determine roughly what, if any, impact the testimony may have had upon the final disposition of the case.'" *State v. Wood*, 2023-Ohio-2045, ¶ 22 (5th Dist.), quoting *Moser v. Moser*, 72 Ohio App.3d 575, 580 (3d Dist. 1991).

**{¶17}** Prior to trial, the parties determined that the only remaining issue for determination was the amount of damages on Cambridge's trespass claim. Any witness called by Cambridge would have testified on that limited issue. The parties also discussed on the record two motions in limine regarding witness testimony prior to trial. One motion dealt with the scope of the testimony of James Koehler, a witness that Cambridge shortly thereafter attempted to call to testify at the trial. In addition, transcripts of all three proposed witnesses' pretrial depositions are in the record before us. Though Cambridge did not make a formal proffer of evidence at trial, the record makes the substance of the excluded testimony apparent to this court.

**Though Cambridge Failed to File a Witness List, the Defendants Knew About Cambridge's Likely Witnesses and Their Probable Testimony, and the Trial Court Should Not Have Barred Those Witnesses From Testifying**

**{¶18}** Cambridge contends that the trial court abused its discretion when it precluded Cambridge from presenting any witnesses at trial.

**{¶19}** Court rules that regulate the discovery process are designed to facilitate the parties' trial preparations and prevent surprise at trial. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 86 (1985). The Ohio Rules of Civil Procedure allow courts to exclude testimony as a sanction for failing to comply with discovery orders and for failing to timely provide information or to identify witnesses. Civ.R. 37(B)(1)(b) and (C)(1).

**{¶20}** A trial court has broad discretion to determine appropriate sanctions for any discovery violations, and a reviewing court should reverse a trial court's determination on those matters only for an abuse of discretion. *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254 (1996), syllabus.

**{¶21}** And of course a trial court has considerable discretion regarding the admission or exclusion of evidence. *Kleyman v. Allstate Ins. Co.*, 2008-Ohio-7012, ¶ 37 (5th Dist.), citing *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus. An abuse of discretion is more than an error of judgment; it involves a decision that is unreasonable, unconscionable, or arbitrary. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶22}** Babar and Chaudhry did not file a motion to compel disclosure in this case. The basis for the objection to Cambridge's trial witnesses was Cambridge's failure to comply with the trial court's order to file a witness list at least 15 days before the trial. When a party fails to comply with a court order, the court upon a motion of the opposing party or on its own initiative may dismiss an action or claim, after notice is given to the noncomplying party. Civ.R. 41(B)(1). This notice requirement is satisfied when the party "has been informed that dismissal is a possibility and has had a reasonable opportunity

to defend against dismissal." *Smith v. Smith*, 2013-Ohio-3551, ¶ 11 (5th Dist.), citing *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 49 (1997).

**{¶23}** Trial courts have authority to issue orders setting deadlines for the disclosure of witnesses and the submission of pretrial documents and to issue sanctions when the parties do not comply with the orders. *See Monea v. Lanci*, 2011-Ohio-6377, ¶ 109-110 (5th Dist.); *Ransom v. Aldi, Inc.*, 2017-Ohio-6993, ¶ 24 (2d Dist.), quoting *Ohio Bell Tel. Co. v. C-5 Constr., Inc.*, 2010-Ohio-4762, ¶ 32 (2d Dist.) ("'[a] trial court is permitted to dismiss a case . . . against a party who fails to comply with a court order, including discovery orders'"); *Evans v. Corbett*, 1982 WL 5571, *2 (5th Dist. Dec. 1, 1982) (trial court did not abuse its discretion in dismissing two counts of plaintiff's complaint for failing to comply with a local rule requiring filing of trial briefs 15 days in advance of trial when the sanction was enumerated in the rule).

**{¶24}** There is no question that Cambridge failed to file a witness list either in its trial brief or separately. But the particular facts in this case — specifically the trial court's own entry — lead us to conclude that the trial court abused its discretion in imposing the harsh sanction of excluding all of Cambridge's trial witnesses.

**{¶25}** The trial court's September 9, 2024 entry ordered that certain pretrial documents be filed by a certain date, and that order also informed the parties that any failure to follow the court's order would result in sanctions, including perhaps "the exclusion of testimony or . . . the dismissal of the non-compliant party's claim." In the same order, though, the trial court advised the parties that they would not be permitted to call witnesses not named on a witness list "unless the identity of the witness was otherwise known to the opposing party."

**{¶26}** Though that last line seemingly informed Cambridge that no witness list was needed — because all three of Cambridge's proposed witnesses had been deposed during the pretrial period, all three were on the defendants' own witness list, and one of the proposed witnesses was in fact a party to the case — the trial court overlooked that pretrial instruction when the court precluded Cambridge's witnesses from testifying.

**{¶27}** To be sure, Cambridge could and should have rigidly adhered to the trial court's pretrial order calling for the filing of a witness list. Any sanction imposed for a misstep like this one, though, should be proportional to both the violation itself and the prejudice suffered by the non-violating party. *See Woodruff v. Barakat*, 2002-Ohio-5616, ¶ 17 (10th Dist.) (finding that the trial court abused its discretion in excluding an expert witness when the defendant knew the identity of plaintiff's medical provider and was aware that the plaintiff intended to call the medical provider as an expert witness).

**{¶28}** In this case, Babar and Chaudhry were aware of Cambridge's intended witnesses and knew — from the deposition testimony of those three witnesses — what they were likely to say. (In fact, Chaudhry himself was one of the three witnesses, and again, all three were on the defendants' own witness list.) Surely defendants Babar and Chaudhry suffered no prejudice from the lack of a witness list from Cambridge.

**{¶29}** When Cambridge attempted to question its first witness — James Koehler (the managing partner of Cambridge) — Babar objected to the witness solely on the basis that Cambridge had not filed a witness list. Babar had not made this objection moments earlier when the parties had argued the motion in limine and the trial judge had denied the defendants' motion to exclude Koehler's testimony on damages. The trial judge

construed Babar's objection as a motion and granted it, thereby precluding Koehler from testifying.

{¶30}  When Cambridge attempted to call Muhammad Chaudhry —a defendant in the case — as an adverse witness, Babar made the same objection.  The trial judge inquired whether Cambridge had filed a witness list and when Cambridge responded that it had not, the judge granted Babar's "motion" and barred Cambridge from questioning. Chaudhry.  And next, Cambridge intended to call Richard Robinson (the regional property manager of Cambridge), who had also been deposed by Babar, but the trial judge had by then told Cambridge that no witnesses could be called in the absence of a witness list.

{¶31}  Although Cambridge tried to explain that Babar knew the identities of the witnesses that Cambridge intended to call and had deposed them, the trial court cut Cambridge's counsel off and stated that Babar was unable to prepare for trial without a witness list from Cambridge.  Babar then moved for a directed verdict, which the trial court granted.

{¶32}  The trial judge's frustration with Cambridge at the trial was evident and not unwarranted.  But the exclusion of Cambridge's witnesses without any inquiry into whether Cambridge's witnesses were known to the opposing party, whether there would be any prejudice to the opposing party if Cambridge were to present witness testimony at the trial, or whether allowing Cambridge to present witness testimony would — in the words of the trial court's own September 2024 order — "serve the interest of justice," went against the text and tenor of that order.  Indeed, had the trial court made these inquiries, it surely would have found that — again, in the words of the trial court's own pretrial order — "the identity of the witness[es] was . . . known to the opposing party," and the court

would have been hard-pressed to find that any prejudice would have flowed from Cambridge's failure to formally list the three names in a pretrial filing.

{¶33} Even though the trial court had assured the parties that known witnesses not named on a witness list could testify at trial, that court did not adhere to its own written order. In these circumstances, we conclude that the trial court's decision to preclude Cambridge from calling any witnesses at trial was not a reasonable one.

{¶34} The judgment of the Court of Common Pleas of Muskingum County is reversed, and the case is remanded for further proceedings consistent with this opinion. Costs are to be paid by Appellees Babar Investment, Inc. and Muhammad Chaudhry.

By: Gormley, J.;

Baldwin, P.J. and

Montgomery, J. concur.